**Raymond Early CRAWLEY, Petitioner,**

v.

**John Abbott WILKERSON, City Sergeant for City of Lynchburg, Virginia, Respondent.**

**Civ. A. No. 67–C–13–L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

March 28, 1968.

Joseph L. Lyle, Jr., and Frank M. McCann, Lynchburg, Va., for petitioner.

Royston Jester, III, Commonwealth's Atty., Lynchburg, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Raymond E. Crawley, pursuant to the provisions of 28 U.S.C. § 2254.

On May 5, 1966, petitioner was tried before a jury in the Corporation Court of the City of Lynchburg, Virginia, for driving under the influence of intoxicants. Petitioner was represented by counsel and entered a plea of not guilty. He was found guilty as charged and sentenced to one month in jail and ordered to pay a $200 fine. Petitioner was then released from custody on bond and applied to the Supreme Court of Appeals of Virginia for a writ of error. On January 12, 1967, that court denied petitioner's writ of error and on February 9, 1967 ordered that the execution of the judgment be stayed to allow petitioner to apply for a writ of certiorari to the United States Supreme Court. Petitioner, however, instead chose to apply for a writ of habeas corpus in this court on April 10, 1967, pursuant to 28 U.S.C. § 2254. Also at that time, petitioner requested the court to stay any further state court proceedings until the merits of his petition were determined. His request for a stay was granted on the same day. On June 6, 1967 the court denied petitioner's petition for a writ of habeas corpus and then on June 20, 1967 vacated this order at the motion of petitioner. Petitioner is at present subject to the judgment rendered by the Corporation Court of Lynchburg, but he is not in actual physical custody.

The respective parties have agreed and stipulated that a fact finding hearing is unnecessary in that the facts can be sufficiently obtained from the record. The legal questions to be resolved in this proceeding are: Whether plaintiff's U. S. Constitutional rights were violated by (1) exclusion of the blood test certificate from the evidence presented to the jury (2) the denial of a trial *de novo* on joint charges of driving under the influence and reckless driving on appeal from a trial of the joint charges in the Lynchburg Municipal Court.

■ At his trial petitioner attempted to introduce in evidence a blood test certificate from the Lynchburg General Hospital. Petitioner admits that there is a mistake on the blood certificate which raises a question as to the identity of the blood sample. However, petitioner contends that the testimony of Mr. Rinehart, chief chemist and Dr. Bouton, pathologist, was sufficient to resolve the question in petitioner's favor, and thus petitioner contends that the blood certificate should have been admitted in evidence. The trial judge did not agree with petitioner's contention, nor does this court agree with that contention. Mr. Rinehart and Dr. Bouton testified that the mistake was probably a simple transposition error. The trial judge then stated that if Dr. Bouton would amend the certificate, it would be accepted into evidence. Dr. Bouton declined to amend the certificate and stated: "I would feel that in fairness I would have to say this orally for the record here, but I personally feel it would not be proper to write another certificate with a changed date on these assumptions." The trial judge then refused to admit the blood certificate in evidence. The record clearly shows that Dr. Bouton was willing to speculate and make assumptions as to the nature of the error, but Dr. Bouton would not amend the certificate merely on the basis of these assumptions. It is clear that there was a substantial question as to the identity of the blood sample and the trial judge heard the evidence and reached his decision. This is a matter of establishing a document as proper evidence and was within the realm of the trial judge's authority. Petitioner was not deprived of any constitutional rights.

■ The remaining issue before this court is whether petitioner was denied

his right to a trial *de novo*. Petitioner was originally tried in the Lynchburg Municipal Court on charges of reckless driving and driving under the influence of intoxicants. Upon his conviction for driving under the influence, the charge of reckless driving against petitioner was dismissed. This dismissal was apparently based on Section 19.1–259.1 of the Code of Virginia (1950) as amended, which provides:

> Dismissal of one of dual charges for driving while intoxicated and reckless driving upon conviction of other charge.—Whenever any person is charged with a violation of § 18.1–54 or any similar ordinance of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the Court shall dismiss the remaining charge.

Thus, when petitioner was convicted of driving under the influence of intoxicants, it was mandatory for the court to dismiss the reckless driving charge.

When petitioner appealed his conviction to the Corporation Court for the City of Lynchburg, pursuant to Section 16.1–136, Code of Virginia, (1950) as amended, he was tried only on a charge of driving while under the influence. Petitioner submitted instructions on reckless driving but these instructions were refused on the ground that petitioner had once been tried on this charge and the charge had been dismissed. The trial court reasoned that the principle of double jeopardy would bar a further trial on this charge.

█ This court cannot agree with such an interpretation of the principle of double jeopardy. Pleas of former jeopardy are affirmative defenses and "they must at least be filed if an accused desires to avail himself of that defense * * *." Royals v. City of Hampton, 201 Va. 552, 111 S.E.2d 795, 798 (1960). In the case at hand, not only did petitioner not plead former jeopardy, he actively waived any reliance on former jeopardy by asking for jury instructions relating

to the offense of reckless driving. Further, it must be remembered that the charge of reckless driving was apparently not dismissed on the merits, but pursuant to the Virginia statute which bars dual convictions of driving under the influence and reckless driving. Thus, the dismissal of the reckless driving charge was based on the conviction of driving under the influence of intoxicants. This conviction became null and void when petitioner appealed to a court of record. Petitioner's appeal annuled "the judgment of the inferior tribunal as completely as if there had been no previous trial." Gaskill v. Commonwealth, 206 Va. 486, 144 S.E.2d 293, 296 (1965). In summary then; petitioner's conviction for driving under the influence of intoxicants constituted a bar to convicting petitioner of reckless driving, but when petitioner's conviction was annuled by his appeal, the bar to a conviction for reckless driving was also annuled. Thus this court does not agree with the Commonwealth's position that it was powerless to charge petitioner with reckless driving.

Having concluded that it was possible to charge petitioner with reckless driving, this court now moves on to consider whether the failure to enter such a charge deprived petitioner of any U. S. Constitutional rights. In Virginia the offenses of driving under the influence of intoxicants and reckless driving carry different penalties, the offense of driving under the influence being the more serious offense. Petitioner contends that the charge of reckless driving should have been submitted to the jury so that petitioner might have received a lesser sentence. It is clear to this court that just as the city wanted the option of convicting petitioner of either of the two offenses stated in the dual charge in the Court not of Record, "due process" and "equal protection of the laws" require the accused to have, on appeal to a Court of Record in a trial *de novo*, the opportunity to present those same options to the judge or jury of that court. The petitioner was entitled to have considered in the Corporation Court the whole

charge that was considered in the Municipal court. His rights were violated when only a part of the dual charge was tried.

For the reasons stated in this opinion and upon mature consideration of the facts, this court concludes that petitioner was deprived of his constitutional rights to "due process and equal protection of the laws." Therefore, it is hereby ADJUDGED and ORDERED that the petition for habeas corpus be and hereby is granted.

The execution of this order is suspended for sixty days to allow the City of Lynchburg to hold a new trial.