## Richmond

### DEMARIS HAYNES PADGETT

### v.

### COMMONWEALTH OF VIRGINIA

February 29, 1980.

Record No. 790468.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff, and Compton, JJ.

*Gregory W. Smith* (*Smith & Mays,* on brief), for appellant.
*Alan Katz, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

Code § 19.2-294.1 is the focal point of the controversy in this case. This section provides:

"Whenever any person is charged with a violation of § 18.2-266 [the statute prohibiting driving while intoxicated] or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge."

The question of the statute's applicability arose in this situation:

On August 8, 1978, while operating his automobile in the City of Lynchburg, the defendant, Demaris Haynes Padgett, failed to obey a "lane direction control signal." A Lynchburg police officer observed the infraction, and he attempted unsuccessfully to stop the defendant. A high-speed chase ensued. The chase led from a point more than one mile inside Lynchburg to a location more than one mile into adjoining Bedford County. During the chase, the Lynchburg officer was joined by a fellow city policeman and a state trooper.

As a result of the incident, the defendant was charged, among other offenses, with reckless driving in Lynchburg and with reckless driving and driving while intoxicated in Bedford County. On September 19, 1978, the defendant was tried in Lynchburg and convicted of the offense of reckless driving which had been lodged against him there.

On October 12, 1978, the defendant appeared in Bedford County General District Court on the reckless driving and driving while intoxicated charges pending against him in that jurisdiction. Citing Code § 19.2-294.1, he moved to dismiss the driving while intoxicated charge on the ground that it grew out of the same act or acts as the reckless driving charge for which he had been convicted earlier in Lynchburg. The motion was denied, and the defendant was convicted of driving while intoxicated. The Bedford reckless driving charge was dismissed.

The defendant appealed his driving while intoxicated conviction to the Circuit Court of Bedford County. Again relying upon Code § 19.2-294.1 and his contention that the earlier Lynchburg reckless driving conviction barred prosecution of the driving while intoxicated charge, he moved to dismiss the latter charge. The motion was denied,

and the court, sitting without a jury, convicted the defendant of driving while intoxicated.

On his appeal here, the defendant argues that the Lynchburg charge of reckless driving and the Bedford charge of driving while intoxicated both grew out of the same act, *viz.*, "the high speed chase." Under Code § 19.2-294.1, therefore, he asserts, the earlier Lynchburg reckless driving conviction required dismissal of the Bedford charge of driving while intoxicated. His crossing of the boundary between Lynchburg and Bedford County is irrelevant to the application of § 19.2-294.1, he opines, because the crossing was not an act out of which grew either of the two charges in question but was determinative only of the venue for trial of the charges. And, the defendant concludes, because venue may have been laid in different localities, it does not follow that the charges grew out of different acts.

In his argument, citing *Jones* v. *Commonwealth,* 208 Va. 370, 375, 157 S.E.2d 907, 910 (1967), the Attorney General says that "two or more distinct and separate offenses may grow out of a single incident or occurrence, warranting the prosecution and punishment of an offender for each." Further, citing *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932), the Attorney General states that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." The Attorney General then argues that, because the Lynchburg reckless driving charge required proof of venue different from the venue required to sustain the Bedford driving while intoxicated charge, the two charges did not grow out of the same act and, consequently, the Lynchburg conviction did not bar the Bedford prosecution.

The question here, however, is not whether two distinct and separate offenses were involved so that the prosecution for both could have proceeded without violating double jeopardy principles. If that were the question, the *Blockburger* test, which was enunciated in a double jeopardy setting, would permit both convictions to stand in this case because the Lynchburg reckless driving charge could have been established without proof that the defendant was intoxicated and the Bedford driving while intoxicated charge could have been sustained without proof that the defendant drove recklessly.

But the bar of Code § 19.2-294.1 encompasses offenses which, although separate and distinct, grow out of "the same act or acts." Thus, the real question in the case is the meaning of this statutory phrase.

Because § 19.2-294.1 relates to matters of a penal nature and is

remedial in character, it must be construed strictly against the Commonwealth and favorably to the accused. So construing it, we do not believe that the difference in venue involved in this case alters the singular nature of the act or acts out of which the charges against the defendant arose. We interpret the language, "the same act or acts," to mean "the same act or acts" *of driving* and to contemplate a continuous, uninterrupted course of operation of a motor vehicle, without regard to the crossing of the boundary line between two localities.

From the moment he was first observed by the police in Lynchburg until he was finally apprehended in Bedford County, the defendant engaged in a continuous, uninterrupted course of driving. The charges against him, therefore, grew out of the same act or acts within the meaning of Code § 19.2-294.1. Hence, the earlier Lynchburg conviction of reckless driving required the dismissal of the Bedford driving while intoxicated charge. Accordingly, the judgment convicting the defendant of the Bedford charge will be reversed and the charge will be dismissed.

*Reversed and dismissed.*