## CIRCUIT COURT OF BEDFORD COUNTY

Commonwealth of Virginia

v.

Chesapeake and Ohio Ry. Co.

October 19, 1983

By JUDGE WILLIAM W. SWEENEY

The Chesapeake and Ohio Railway Company (hereinafter referred to as the "Railway") appeals from a conviction and fine in the General District Court of Bedford County on April 22, 1983, of failing to keep its right-of-way clear and free from combustible material under Virginia Code Section 56-426. On April 26, 1983, the Railway was convicted in the General District Court of Albemarle County on a similar offense. No appeal was taken from the Albemarle County conviction. In this Court, the Railway contends that the doctrines of res adjudicata and double jeopardy apply, and that its conviction in Albemarle County bars an earlier conviction in this Court under the same statute. The Bedford offense occurred on March 23, 1983, and the Albemarle offense occurred on March 2, 1983.

I find the Railroad's contention to be without merit and violative of the legislative intent behind the statute.

By stipulation, the evidentiary sufficiency of the conviction under this statute in this jurisdiction

is not contested. The only issue on appeal is whether the Albemarle conviction bars the Bedford conviction.

Code Section 56-426 reads:

<u>Manner in which right-of-way shall be kept.</u> -- Every railroad company shall keep its right-of-way clear and free from weeds, grass, and decayed timber, which from their nature and condition are combustible material, liable to take and communicate fire from passing trains to abutting or adjacent property.

The statute in question has been held to be constitutional. (<u>Southern Ry.</u> v. <u>Commonwealth,</u> 205 Va. 114, 135 S.E.2d 160 (1964)) The section is the legislative establishment of a criminal offense from a common-law rule of civil liability. The statute does not say when the right-of-way is to be cleared, in terms of a specific date or of a specific period but the statute does, with reasonable certainty, inform the railway when it must act.

I am reminded by counsel for the Railway that some judges in other jurisdictions have treated several violations of the statute in a particular county as one continuing offense rather than separate offenses. Such rulings are not dispositive of the issue before me. We are concerned here with violations at different times in different counties and in different judicial circuits. In the <u>Southern Railway</u> case, <u>supra,</u> the circuit court ruled that convictions under Section 56-426 in different counties were separate offenses not barred from prosecution because of a previous conviction. The Southern Railway did not raise this issue on appeal to the Virginia Supreme Court.

In its sixteen page memorandum of authorities, the Railroad does not cite a case from any jurisdiction which has directly upheld its position under a similar statute. Cases relied on, including <u>Padgett</u> v. <u>Commonwealth,</u> 220 Va. 758, 263 S.E.2d 388 (1980), are inapposite. Traffic offense statutes, larceny statutes,

and A.B.C. cases involving transportation of liquor across state lines do not fit this case. Among other differences, they are all crimes of commission while Section 56-426 deals with crimes of omission. The failure to clear a right-of-way is an offense against the Commonwealth and against the localities intended to be protected by the statute.

In a May 11, 1965, opinion, the Virginia Attorney General opined that under Section 56-426 several offenses in one jurisdiction prior to conviction are subject to only one penalty, but that subsequent criminal actions would be appropriate if the offense is not abated promptly following the conviction. Opinions, Attorney General, 1964-65, p. 83.

If the Railroad's contention was upheld here, the statute would be nullified. Having been convicted in one jurisdiction, the Railroad could fail to clear in other jurisdictions with immunity from prosecution. Presumably, this immunity would last for all times or until the statute was changed. Counsel for the Railway suggested in response to a question from the bench, that the immunity should be seasonal during annual growing seasons.

A defendant who commits several larcenies in several jurisdictions has committed crimes against the Commonwealth but he cannot escape prosecution in one jurisdiction by pleading conviction in another. Like-wise, a motorist driving across the State may be guilty of several speeding offenses in different parts of the State.

The legal doctrines relied on by the Railway are inapplicable here. For reasons stated, I dismiss the appeal and affirm the conviction of the District Court, as to all of which action the Railway objects.