260

## CIRCUIT COURT OF ORANGE COUNTY

Commonwealth of Virginia

v.

William R. Morris

August 10, 1988

Case No. CM88-035

By JUDGE LLOYD C. SULLENBERGER

Having observed defendant William R. Morris drive on a public highway in Orange County on January 10, 1988, a Virginia state trooper stopped him and charged him with reckless driving, driving under the influence of alcohol (DUI), having improper registration, and driving while his license was revoked or suspended (driving revoked).

In District Court defendant was convicted of improper registration, DUI and driving revoked. The conviction for improper registration has become final, and the DUI and driving revoked convictions have been appealed.

Defendant moves to dismiss the DUI and driving revoked charges because he says Va. Code § 19.2-294 bars further prosecution of these charges.

The statute, as here pertinent, provides:

> If the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution . . . under the other . . . .

Morris argues that the same act of driving gave rise to the charges of improper registration, DUI and driving revoked; that since he has been convicted of

improper registration (§ 46.1-64), he cannot now be convicted of DUI (§ 18.2-266) or driving revoked (§ 46.1-350).

He relies on *Padgett v. Commonwealth*, 220 Va. 758 (1980), and cites an unpublished decision of the Circuit Court of Louisa County in 1987 (*Commonwealth v. Purdy*) which supports his position.

In *Padgett*, the issue was whether, despite Section 19.2-294.1, a defendant could be convicted in one jurisdiction of reckless driving and in another jurisdiction of DUI arising from a continuous course of driving.

Code § 19.2-294.1, enacted by the 1960 Acts, c. 493, p. 767 (then § 19.1-259.1), provides as here pertinent:

> Whenever any person is charged with a violation of § 18.2-266 [the drunk driving statute] . . . and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.

The adoption of § 19.2-294.1 legislatively changed the rule--for DUI and reckless driving cases--of *Hundley v. Commonwealth*, 193 Va. 449 (1952), in which a defendant was charged with and convicted of DUI and reckless driving arising out of a single driving occurrence in Franklin County.

The court in *Hundley* said:

> These facts [the court having summarized the evidence of driving conduct] disclose more than one act. They show two separate acts resulting in the commission of two offenses, and in such instance the statute [then § 19-232, now Section 19.2-294] does not apply. It is conceivable for a person under the influence of intoxicants to drive properly. Many people not under the influence of intoxicants drive recklessly. A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined

by statute, as in the instant case. (citations omitted). 193 Va. at 451.

The essence of *Padgett* is stated in the *per curiam* opinion as follows:

> [W]e do not believe that the difference in venue involved in this case alters the singular nature of the act or acts out of which the charges against the defendant arose. We interpret the language, "the same act or acts," to mean "the same act or acts" of *driving* and to contemplate a continuous, uninterrupted course of operation of a motor vehicle, without regard to the crossing of the boundary line between two localities. (Emphasis in original). 220 Va. at 761.

The General Assembly changed the rule of *Hundley* not by amending [now] § 19.2-294 but by adding [now] Section 19.2-294.1 and limiting it to DUI and reckless driving cases.

*Padgett* makes no reference to § 19.2-294 or *Hundley*.

Having reviewed the case authority including the published Circuit Court cases cited by the Commonwealth's Attorney and with due respect to my colleague presiding over the Circuit Court of Louisa County, I am constrained to conclude that *Padgett* must be limited to its facts: a single driving occurrence resulting in DUI and reckless driving prosecutions in different jurisdictions.

In the parts here pertinent § 19.2-294 has not been amended since 1952 when *Hundley* was decided. Section 19.2-294.1 is, by its terms, narrow in scope. The court does not find that the General Assembly intends for a single driving incident to give rise to only a single traffic conviction, regardless of how many statutes are violated, unless the statutes violated are those proscribing DUI and reckless driving.

The motion to dismiss the DUI and driving revoked charges against Morris will be overruled.