**Richmond**

CHRISTOPHER L. LASH

v.

COUNTY OF HENRICO

No. 1146-89-2

Decided July 28, 1992

COUNSEL

J. Burkhardt Beale, for appellant.

Gary K. Aronhalt, Assistant Commonwealth's Attorney, for appellee.

## UPON REHEARING EN BANC

Opinion

**BARROW, J.**—A rehearing *en banc* was granted in this appeal from a decision of the panel in which there was a dissent.[1] The appeal is from convictions of reckless driving and eluding a police officer arising out of a single series of events. The defendant contends that, while he is guilty of one of the offenses, conviction of the other is barred by Code § 19.2-294. We conclude that, because conviction for each offense was based on acts separate and distinct from those involved in the other offense, Code § 19.2-294 does not apply. Therefore, we affirm.

The charges against the defendant arose out of a traffic stop. A Henrico County police officer stopped the defendant and issued him a summons for driving on defective tires and for failing to have a front license plate. The officer told the defendant that his automobile was unsafe and that he would have to park it. The defendant responded by telling the officer that he could not tell him what to do, ran back to his vehicle, and drove away. When he left, he accelerated so quickly that his automobile left sixty to seventy feet of tire marks on the highway.

A high speed chase followed. The officer, using his siren and blue lights, followed the defendant at speeds of sixty to seventy miles per hour in a posted thirty-five mile per hour speed zone. Finally, the defendant drove through a red stop signal and into a supermarket parking lot where he drove through the lot at speeds of thirty to forty miles per hour. Upon apprehending the defendant, the officer charged him with eluding a police officer and reckless driving.

The Commonwealth argues that the defendant is barred under Rule 5A:18 from asserting on appeal that the provisions of Code § 19.2-294 bar his conviction of both offenses. At trial, the defendant moved to strike the evidence of the two offenses or, "in the alternative, requested that the court merge the two offenses into one violation." In this appeal, the defendant, while not referring to Code § 19.2-294 in his brief, argued that the trial court impermissibly convicted him of reckless driving and eluding a police officer based on the same act.

---

[1] The decision of the panel is reported at 13 Va. App. 251, 410 S.E.2d 689 (1991).

■ Rule 5A:18, a codification of the contemporaneous objection rule, prohibits a ruling of a trial court from being the basis of a reversal unless an objection is stated "together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to obtain the ends of justice." Rule 5A:18. The goal of this rule is "to avoid unnecessary appeals, reversals and mistrials by allowing the trial judge to intelligently consider an issue and, if necessary, to take corrective action." *Campbell v. Commonwealth*, 12 Va. App. 476, 480, 405 S.E.2d 1, 2 (1991) (en banc). Judicial economy is the product of Rule 5A:18.

■ The contemporaneous objection rule requires only that a party inform the trial court of the action it wishes the court to take or its objection to the action of the court and the "grounds therefor." Code § 8.01-384; *see also* Rule 5A:18; *Campbell v. Commonwealth*, 12 Va. App. at 480, 405 S.E.2d at 2. This rule does not prohibit reliance on statutes or cases not presented to the trial court to support, on appeal, a position otherwise adequately presented at trial. R. Martineau, *Modern Appellate Practice* § 3.8 (1983). Nor does it prevent this court, on its own initiative, from relying on statutory or judicial authority that was not presented to the trial court or referred to in the briefs submitted by the parties. *See id.* at § 3.9.

■ At trial, the defendant requested the court to "merge the two offenses into one violation." Merger, a common law principle, recognizes that certain offenses arising from the same occurrence may merge into a single offense. *See Pinkerton v. United States*, 328 U.S. 640, 643 (1946). For example, "simple assault is ordinarily held to merge into the offense of assault with a dangerous weapon." *Whalen v. United States*, 445 U.S. 684, 686 (1980); *Spickard v. City of Lynchburg*, 174 Va. 502, 505, 6 S.E.2d 610, 611 (1940) (reckless driving does not merge with driving while intoxicated); *Ramsey v. Commonwealth*, 2 Va. App. 265, 272, 343 S.E.2d 465, 470 (1986) (Wharton's Rule not a "merger" rule). Similarly, Code § 19.2-294 bars prosecution of one offense by virtue of a conviction of another offense based on the same act. Thus, Code § 19.2-294 performs a similar function statutorily that merger does at common law. *Cf. Martin v. Commonwealth*, 242 Va. 1, 8-9, 406 S.E. 2d 15, 18-19 (Code § 19.2-294 does not apply to common law offenses), *cert. denied*, 112 S. Ct. 388 (1991).

Consequently, the contemporaneous objection rule does not prevent us from considering the application of Code § 19.2-294 in determining if the defendant's conviction of reckless driving bars his conviction of eluding a police officer. Therefore, we will address the application of Code § 19.2-294 to this case.

 If the "same act" is a violation of two or more statutes, conviction under one of the statutes is "a bar to a prosecution or proceeding under the other." Code § 19.2-294.[2] This prohibition is dependent upon "the identity of the *act*." *Jones v. Commonwealth*, 218 Va. 757, 760, 240 S.E.2d 658, 661 (larceny of an automobile in which to escape from robbery is not "same act" as robbery), *cert. denied*, 439 U.S. 892 (1978). If the statutory violations involve different acts, the prohibition is not applicable. *Id.* at 761, 240 S.E.2d at 661. The prohibition only "forbids multiple prosecution of offenses springing from the *same* criminal act." *Id.* Thus, if two offenses involve "two separate and distinct acts," conviction of one does not bar a prosecution for the other. *Id.*; *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 628, 401 S.E.2d 208, 210-11, *aff'd on reh'g en banc*, 13 Va. App. 281, 411 S.E.2d 228 (1991).

 Code § 19.2-294.1[3] and Code § 19.2-294 are different. Code § 19.2-294.1 provides that if a person is charged with driving while intoxicated and reckless driving, both "growing out of the same act or acts," a conviction of one of the charges requires dismissal of the remaining charge. This provision deals only with the offenses of driving while intoxicated and reckless driving; it applies to no other criminal offenses. *Id.* This statute is applicable where these two offenses grow "out of the same act or acts." *Id.* "[T]he same act or acts" means the act "of *driving*" and contemplates "a continuous, uninterrupted course of operation of a motor

---

[2] Code § 19.2-294 reads in part: OFFENSE AGAINST TWO OR MORE STATUTES OR ORDINANCES. If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others. Furthermore, if the same act be a violation of both a state and a federal statute a prosecution under the federal statute shall be a bar to a prosecution under the state statute.

[3] CODE § 19.2-294.1. DISMISSAL OF ONE OF DUAL CHARGES FOR DRIVING WHILE INTOXICATED AND RECKLESS DRIVING UPON CONVICTION OF OTHER CHARGE. - Whenever any person is charged with a violation of § 18.2-266 or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.

vehicle." *Padgett v. Commonwealth*, 220 Va. 758, 761, 263 S.E.2d 388, 389-90 (1980) (per curiam).

■ Code § 19.2-294, on the other hand, applies to violation of any two or more statutes, not just driving while intoxicated and reckless driving. It is applicable only if "the same act" is a violation of two or more statutes, not to offenses "growing out of the same act or acts." Code § 19.2-294. Furthermore, Code § 19.2-294 does not contemplate "a continuous, uninterrupted course of operation of a motor vehicle." Code § 19.2-294; *see also Fitzgerald*, 11 Va. App. at 629, 401 S.E.2d at 211.

Code § 19.2-294.1, enacted after Code § 19.2-294, does not mimic Code § 19.2-294. It effects a different purpose. Code § 19.2-294.1 prohibits conviction of both driving while intoxicated and reckless driving growing out of the "same act or acts," *i.e.*, a "continuous, uninterrupted course" of operating a motor vehicle; Code § 19.2-294 prohibits the prosecution of a criminal offense after one has been convicted of another offense arising from the "same act."

In this case, at least two separate and distinct acts supported the two different offenses with which the defendant was charged and convicted. The manner in which the defendant drove away from the police officer and the manner in which he drove through the red traffic signal and through the supermarket parking lot were acts upon which the charge of reckless driving could have been based. The defendant's failure to stop in response to the police officer's flashing light and siren after he drove away and before he reached the supermarket intersection was a separate and distinct act upon which the offense of eluding a police officer was based. Therefore, because two or more separate and distinct acts constituted two or more offenses, Code § 19.2-294 is not a bar to the prosecution of either offense. Having so concluded, we need not address whether Code § 19.2-294 applies to multiple convictions in a single trial.

The convictions are, therefore, affirmed.

*Affirmed.*

Coleman, J., Duff, J., Moon, J., Willis, J., Elder, J., and Bray, J., concurred.

Koontz, C.J., with whom Benton, J., joins, dissenting.

The "act" which led to Lash's convictions of reckless driving and eluding a police officer was *driving* his vehicle on March 9, 1989 in one distinct, "continuous, uninterrupted course of [operating his] motor vehicle" bounded closely in terms of place and time. *See Padgett v. Commonwealth*, 220 Va. 758, 761, 263 S.E.2d 388, 389-90 (1980). The majority concludes, however, that Lash committed "at least two separate and distinct acts" which constituted two statutory offenses and, thus, that Code § 19.2-294 is not a bar to the convictions for both offenses. In my view, to reach this conclusion the majority has focused on the elements of the offenses charged against Lash rather than on the "act" or conduct of Lash. Because, on the facts of this particular case, this approach defeats the plain meaning and intent of Code § 19.2-294, I respectfully dissent.

In the original panel decision in this case, reported *Lash v. Commonwealth*, 13 Va. App. 251, 410 S.E.2d 689 (1991), I reviewed the legislative history of Code §§ 19.2-294 and 19.2-294.1 and the principal prior cases that have interpreted and applied these Code sections. I will not repeat that review here. However, because the majority compares and distinguishes these Code sections and, specifically, holds that "Code § 19.2-294 does not contemplate 'a continuous, uninterrupted course of operation of a motor vehicle' " as the basis for its conclusion that this Code section is not applicable to this case, I will emphasize here a portion of my prior discussion. In doing so, I contend that the proper analysis of a Code § 19.2-294 claim requires that a court focus on the "act" or conduct of the accused as established by the facts, rather than on the elements of the offenses charged against the accused.

The General Assembly enacted the original version of Code § 19.2-294 in response to the decision in *Arrington v. Commonwealth*, 87 Va. 96, 12 S.E. 224 (1890). There, the Supreme Court upheld the defendant's conviction for the sale of ardent spirits without a license following her prior conviction for the sale of the identical ardent spirits on Sunday. The Court acknowledged that only one act — the sale of ardent spirits — was involved, but concluded that one act violated two separate statutes. After a subsequent amendment not pertinent to the present appeal, Code § 19.2-294 now provides, in pertinent part: "If the same act be a violation of two or more statutes, . . . conviction under one of

such statutes . . . shall be a bar to a prosecution or proceeding under the other or others."

Thereafter, in *Hundley v. Commonwealth*, 193 Va. 449, 69 S.E.2d 336 (1952), the Court held that the predecessor to Code § 19.2-294 was not a bar to convictions for driving while under the influence of intoxicants and reckless driving arising from one occurrence of driving. In *Hundley*, the defendant was driving while intoxicated and drove his vehicle at excessive speeds around curves and in such a manner as to endanger the police officer who was attempting to stop him. The Court found that this evidence disclosed two separate acts resulting in the commission of two separate offenses and, consequently, the statute was not applicable. *Id.* at 451, 69 S.E.2d at 337. In reaching this conclusion, the Court noted:

> It is conceivable for a person under the influence of intoxicants to drive properly. Many people not under the influence of intoxicants drive recklessly. A test of the identity of *acts or offenses* is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single *act or offense* where two separate *acts or offenses are defined by statute*, as in the instant case.

*Id.* (emphasis added) (citations omitted).

Subsequent to the *Hundley* decision and apparently in response to it, the General Assembly enacted Code § 19.2-294.1, which provides, in pertinent part: "Whenever any person is charged with [driving under the influence of alcohol or drugs] and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge." To the extent the *Hundley* decision contains language which refers to "where two separate *acts or offenses* are *defined by statute*" there is a blurring of "acts" with "offenses" because "acts" are not defined by the statute. *See* 195 Va. at 451, 69 S.E.2d at 337 (emphasis added). Code § 19.2-294.1, however, resolves any questions left unclear by *Hundley*. This Code section recognizes that driving under the influence and reckless driving are separate offenses and expands its bar past that of Code. § 19.2-294 to include "act or acts" rather than only the "same act."

In *Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971), the Court held that the predecessor to Code § 19.2-294 was not a bar to convictions for driving under the influence and driving on a suspended license arising from the same occurrence of driving. The Court found that the defendant's driving constituted separate acts that supported his convictions of separate offenses because he could be convicted of driving under the influence without evidence of the suspension of his license and vice versa. *Id.* at 24-25, 181 S.E.2d at 624. Implicit in the Court's analysis is a focus on the elements of the offenses charged rather than the act or conduct of the accused.

Standing alone, *Estes* supports the elements of the offenses analysis adopted by the majority in the present case. However, in *Padgett*, decided subsequent to *Estes*, the Court held that the language, "same act or acts," contained in Code § 19.2-294.1 means "the same act or acts of driving" and contemplates "a continuous, uninterrupted course of operation of a motor vehicle." *Padgett*, 220 Va. at 761, 263 S.E.2d at 389-90. In that case, the defendant was charged with reckless driving in Lynchburg and driving while intoxicated in Bedford following a high speed chase by the police which began in the former jurisdiction and ended in the latter. The Court held that the defendant's conviction for the Lynchburg offense was a bar to his subsequent conviction for the Bedford offense. Significantly, the Court rejected the Commonwealth's assertion that because the Lynchburg reckless driving charge required proof of venue different from the venue required to sustain the Bedford driving while intoxicated charge, the two charges did not grow out of the "same act." Moreover, the Court acknowledged that under a constitutional double jeopardy claim, both convictions would stand because the Lynchburg charge could have been established without proof that the defendant was intoxicated and the Bedford charge could have been sustained without proof that the defendant drove recklessly. *Cf. Blockburger v. United States*, 284 U.S. 299 (1932); *see also Grady v. Corbin*, 495 U.S. 508 (1990).

*Hundley* and *Estes* illustrate the particular difficulty in applying Code § 19.2-294 to cases in which the "act" involved is the operation of a motor vehicle. Obviously, the act of driving a motor vehicle inherently involves the movement of the vehicle in terms of time and space and affords the possibility of multiple offenses oc-

curring in that process. Thus, in the present case, the majority is able, as with an imaginary stop watch and high speed camera, to isolate portions of Lash's act of driving into separate acts such as "[1] the manner in which he drove away from the officer, and [2] the manner in which he drove through the red traffic signal and [3] through the supermarket" to support a reckless driving charge and also Lash's "[4] failure to stop in response to the police officer's flashing light and siren" during that process to support the offense of eluding a police officer. The majority has focused on particular parts of Lash's continuous and uninterrupted act of driving and determined that these support separate offenses. Factually, however, Lash's conduct is not divisible into distinct separate acts of driving. The majority then essentially applies the traditional double jeopardy claim test of whether one offense requires proof of a fact which another offense does not require. Under that test, Lash could be convicted of reckless driving without proof that he eluded a police officer and he could be convicted of eluding a police officer without proof that he drove recklessly. However, this is not the test applicable to a Code § 19.2-294 claim. Our Supreme Court in *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658, *cert. denied*, 439 U.S. 892 (1978), clearly distinguished the analysis applicable to constitutional double jeopardy claims from the analysis applicable to Code § 19.2-294 claims. There, both claims were asserted. The Court upheld the defendant's convictions of robbery involving larceny of money and grand larceny of an automobile involving the same victim and arising from one incident at a motel. The Court stated: "[I]f the offenses are different and one is not lesser-included in the other, the constitutional guarantee [established in *Blockburger*] does not apply. If the acts are different, the statutory mandate [of Code § 19.2-294] does not apply." *Id.* at 760-61, 240 S.E.2d at 661 (citations omitted). *Accord Wade v. Commonwealth*, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990)(holding that Code § 19.2-294 "speaks to 'acts' of the accused, not elements of the offense").

The present appeal illustrates that the distinction between the constitutional claim analysis and the statutory claim analysis may be critical to the proper determination of a Code § 19.2-294 claim on the facts of a particular case. In my view, *Jones* and *Padgett* provide the guidance for the proper resolution of Lash's statutory claim. *Jones*, decided after *Estes*, unequivocally requires an analysis of the act or conduct of the accused to determine the merits of

a Code § 19.2-294 claim. Thus, *Jones* has, at least implicitly, overruled *Estes*, which used an element of the offense analysis in a Code § 19.2-294 claim. *Padgett* is consistent with *Jones*. Moreover, while *Padgett* involved a Code § 19.2-294.1 claim, I find no reason to distinguish its analysis of "the same act or acts" language of that Code section from the analysis of "the same act" language of Code § 19.2-294. Certainly nothing in the legislative history or the language of either statute suggests a distinction. For these reasons, I disagree with the majority's determination that "Code § 19.2-294 does not contemplate 'a continuous, uninterrupted course of operation of a motor vehicle.' " When the act or conduct of Lash is viewed with the *Jones* and *Padgett* focus, it amounts to a single, continuous and unaltered act of dangerous driving in defiance of Officer Count's command to park the car. Despite the fact that Officer Counts pursued Lash with his siren and blue lights in operation, Lash's conduct remained continuous and unaltered. Though Lash's conduct amounts to both reckless driving and eluding a police officer, his conduct giving rise to both offenses flowed from the "same act" and, therefore, can support only one conviction in accordance with Code § 19.2-294.

I do not suggest that Code § 19.2-294 affords a blanket bar to multiple convictions where one occurrence of driving a motor vehicle is involved. The determination of whether the conduct of an accused amounts to "the same act" as contemplated by Code § 19.2-294 is a factual determination and will rest upon the facts of a particular case. In my view, the facts of the present case suggest only one "act" of driving.

Although the majority does not reach the issue of whether Code § 19.2-294 applies to multiple convictions obtained in a single trial, in my view, that is the dispositive issue in Lash's case. For the reasons that I have expressed in the panel opinion, *Lash*, 13 Va. App. at 259-61, 410 S.E.2d at 694-95, I would hold that this Code section applies to multiple convictions obtained in a single trial as well as to multiple convictions obtained in consecutive trials.

Accordingly, I would reverse the decision below and remand the case with directions that the trial court impose sentence in only one of the two convictions and dismiss the other.