## Norfolk

DAN L. HARRIS

v.

## CITY OF VIRGINIA BEACH

No. 2365-92-1

Decided November 15, 1994

Counsel

Constantine A. Spanoulis, for appellant.

Nianza E. Wallace, II, Assistant City Attorney (Leslie L. Lilley, City Attorney; William C. Bunch, Jr., Assistant City Attorney, on brief), for appellee.

OPINION

**BRAY, J.**—Dan L. Harris (defendant) was convicted in the Virginia Beach Circuit Court of driving under the influence of alcohol (DUI), second offense. He complains on appeal that this conviction was barred by an earlier, related conviction for reckless driving. We agree and reverse the judgment of the court below.

The relevant facts are uncontroverted. On May 6, 1992, at "around one o'clock-ish" in the afternoon, defendant was operating a motor vehicle on Route 44 in the City of Virginia Beach, Virginia. Defendant encountered "a lot" of construction activity along the roadway, with attendant obstructions and traffic controls, and the side of his van struck a "concrete barrier" when a "tractor trailer or something" passed him. As a result of the impact, defendant's vehicle was substantially damaged, and, "dazed," "all [defendant] could think of was getting off the expressway as soon as [he] could."

Without stopping, defendant exited the highway at the next interchange, located "about a mile" from the accident. He stopped or slowed momentarily at an unmanned collection machine to pay a toll and immediately proceeded to a traffic signal, where a slight collision occurred between defendant's vehicle and another automobile. This second accident followed defendant's first within "three to five minutes" and occurred only "[a] mile and a half, two miles" distant. Virginia Beach Police Officer J.L. Butler was dispatched to investigate, arriving at 1:32 p.m., and found defendant seated in his vehicle with the engine running. Butler determined that this accident had occurred at approximately 1:10 p.m. As a result of his investigation, Butler secured a warrant charging defendant with DUI.

Meanwhile, Virginia State Trooper W. Raborg also arrived at the scene incidental to his investigation of defendant's earlier collision with the highway barrier. In response to Raborg's inquiries, defendant admitted his involvement in the previous accident, which also allegedly occurred at 1:10 p.m., and Raborg issued him

a related summons for "Reckless Driving."

On August 27, 1992, defendant was convicted in the Virginia Beach General District Court of the reckless driving offense. The following day, he was convicted in the same court on the DUI warrant. Defendant appealed the DUI conviction to the trial court and, again, was found guilty, despite his plea in bar pursuant to Code § 19.2-294.1. This appeal followed.

■ Code § 19.2-294.1 provides that

[w]henever any person is charged with a violation of § 18.2-266 or any similar ordinances of any county, city, or town and reckless driving *growing out of the same act or acts* and is convicted of one of these charges, the court shall dismiss the remaining charge.[1]

(Emphasis added). Because this statute "relates to matters of a penal nature . . ., it must be construed strictly against the Commonwealth and favorably to the accused." *Padgett v. Commonwealth*, 220 Va. 758, 760-61, 263 S.E.2d 388, 389 (1980). Moreover, "[w]here the language of a statute is clear and unambiguous, we are bound by that plain statement of legislative intent." *Commonwealth v. Meadows*, 17 Va. App. 624, 626, 440 S.E.2d 154, 155 (1994).

■ In *Padgett*, the Supreme Court recognized that the two offenses subject of Code § 19.2-294.1, DUI and reckless driving, are "separate and distinct" violations. *Padgett*, 220 Va. at 760, 263 S.E.2d at 389. Nevertheless, the Court reasoned that the legislature intended that a conviction of one offense would preclude conviction of the other, whenever both "grew" from the same "continuous, uninterrupted course of operation of a motor vehicle." *Padgett*, 220 Va. at 760-61, 263 S.E.2d at 389-90. Thus, the statute is applicable "where these two offenses grow 'out of the same act or acts' " of driving. *Lash v. County of Henrico*, 14 Va. App. 926, 930, 421 S.E.2d 851, 853-54 (1992) (en banc) (citations omitted); *accord Crawley v. Wilkerson*, 283 F. Supp. 447, 449 (W.D. Va. 1968). It is the commonality of the underlying offending conduct, the continuous, uninterrupted operation of a

---

[1] There is no dispute that the offenses in issue constitute DUI and reckless driving contemplated by the statute.

motor vehicle, that invokes the preclusive effect of the statute.

Here, like the accused in *Padgett*, defendant was charged and convicted of both § 19.2-294.1 offenses, DUI and reckless driving. The evidence is undisputed that the alleged misconduct was intimately related in time and distance, arising from and connected by one continuous, uninterrupted operation of defendant's motor vehicle. Under such circumstances, the legislature clearly intended that a conviction of one offense result in a dismissal of the other. Accordingly, defendant's subsequent conviction for DUI is reversed.

*Reversed and final judgment.*

Benton, J., and Willis, J., concurred.