COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


MARK ANDREW LANKFORD, S/K/A
 ANDREW MARK LANKFORD
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0581-95-2      JUDGE RICHARD S. BRAY
                                          MARCH 26, 1996
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                    William L. Wellons, Judge

          Andrea C. Long (Charles C. Cosby, Jr.; Boone,
          Beale, Carpenter & Cosby, on brief), for
          appellant.

          Leah A. Darron, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Mark Andrew Lankford (defendant) was convicted by the trial

court of driving under the influence of alcohol (DUI), third

offense.  On appeal, defendant complains that this conviction was

barred by a related conviction for reckless driving.  We agree

and reverse the conviction.

     The pertinent facts are uncontroverted.  At approximately

11:00 p.m. on the evening of March 19, 1994, Trooper D. J. Cline

observed a Toyota being driven erratically at a "high rate of

speed."  Cline pursued the vehicle in his police cruiser and

signaled the driver to "pull . . . over."  When the Toyota only

"slowed down," Cline "pulled up beside" the car, and the driver

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

then stopped along a dirt road. However, as Cline walked toward the vehicle, it "took off," and Cline quickly resumed the chase, during which the Toyota again stopped and sped away. Following a final pursuit at speeds in excess of eighty miles per hour, the Toyota was trapped by a "rolling roadblock," and the operator, defendant, was arrested for reckless driving, DUI, and other offenses. The entire incident spanned approximately twenty minutes. Defendant admitted that he attempted to escape because he was intoxicated[1] and an habitual offender.

At trial in the general district court, defendant pled guilty to reckless driving and not guilty to DUI, but was convicted of both offenses. On appeal of the DUI to the trial court, defendant unsuccessfully argued that Code § 19.2-294.1 required dismissal of that charge following the reckless driving conviction.

> Code § 19.2-294.1 provides that
> [w]henever any person is charged with a violation of
> § 18.2-266 or any similar ordinances of any county,
> city, or town and reckless driving growing out of the
> same act or acts and is convicted of one of these
> charges, the court shall dismiss the remaining charge.

(Emphasis added). Thus, although DUI and reckless driving are "separate and distinct" violations, Padgett v. Commonwealth, 220 Va. 758, 760, 263 S.E.2d 388, 389 (1980), a "conviction of one offense . . . preclude[s] conviction of the other, whenever both

---

[1]The sufficiency of evidence to sustain the DUI conviction is not in issue.

'gr[o]w' from the same 'continuous, uninterrupted course of operation of a motor vehicle.'" <u>Harris v. City of Virginia Beach</u>, 19 Va. App. 214, 216, 450 S.E.2d 401, 402 (1994) (<u>quoting</u> <u>Padgett</u>, 220 Va. at 760-61, 263 S.E.2d at 389-90). "It is the commonality of the underlying offending conduct, the continuous, uninterrupted operation of a motor vehicle, that invokes the preclusive effect of the statute." <u>Id.</u> at 216-17, 450 S.E.2d at 402.

Here, defendant was charged and convicted of both offenses resulting from the continuous operation of a motor vehicle, recklessly and while intoxicated, during an uninterrupted police pursuit. The charges were, therefore, "intimately related in time and distance, arising from and connected by one continuous, uninterrupted operation of defendant's motor vehicle," thereby constituting a single offense within the intendment of Code § 19.2-294.1. <u>Id.</u> at 217, 450 S.E.2d at 402.

Accordingly, we reverse the DUI conviction.

<u>Reversed and final judgment.</u>