COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


MICHAEL JOHN BROWN
                                                   MEMORANDUM OPINION* BY
v.        Record No. 2028-03-2                     JUDGE ROBERT J. HUMPHREYS
                                                   JULY 27, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF APPOMATTOX COUNTY
                         Richard S. Blanton, Judge

         Mark B. Arthur (Fralin, Feinman, Coates & Kinnier, P.C., on brief),
         for appellant.

         Steven A. Witmer, Assistant Attorney General (Jerry W. Kilgore,
         Attorney General, on brief), for appellee.


        Michael John Brown appeals his convictions, after a bench trial, for driving under the

influence (in violation of Code § 18.2-266) and reckless driving (in violation of Code

§ 46.2-862).[1]  Brown argues the trial court erred "in not finding that the driving under the

influence and reckless driving offenses grew out of the same act or acts of driving."

Consequently, Brown argues "one of the charges should have been dismissed" pursuant to Code

§ 19.2-294.1.  For the reasons that follow, we reverse Brown's convictions and remand, with

direction to the trial court to dismiss one of the charges.

        As is wellsettled, we review the evidence here, and all reasonable inferences, in the light

most favorable to the Commonwealth as the party prevailing below.  Juares v. Commonwealth,

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

        [1]  Brown was also charged with driving after having been declared an habitual offender
(in violation of Code § 46.2-357(B)(2)), attempting to impede a law enforcement officer (in
violation of Code § 18.2-460), unreasonably refusing to submit to a breath sample (in violation
of Code § 18.2-268.2), and obtaining money by false pretenses (in violation of Code § 18.2-178).
Because the resolution of these charges is not at issue on this appeal, we do not address them
further.

26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997). That principle requires us to discard the evidence of the defendant in conflict with the Commonwealth's evidence and regard as true all evidence favorable to the Commonwealth. See Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998).

Code § 19.2-294.1 mandates that "[w]henever any person is charged with a violation of § 18.2-51.4 or § 18.2-266 or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge." Code § 19.2-294.1.

Our interpretation of this statute, as it applies to the facts of this case, is guided by the Supreme Court of Virginia's decision in Padgett v. Commonwealth, 220 Va. 758, 263 S.E.2d 388 (1980). In that case, Padgett "failed to obey a lane direction control signal in Lynchburg and refused to stop for a police officer." Id. at 759, 263 S.E.2d at 388. After a high-speed chase that began in Lynchburg and ended in Bedford County, Padgett "was charged with reckless driving in Lynchburg and with reckless driving and driving while intoxicated in Bedford County." Id. A Lynchburg court convicted Padgett on the reckless driving charge, and subsequently, a Bedford County court convicted Padgett of driving while intoxicated in Bedford County. Id. at 759, 263 S.E.2d at 388-89. Padgett appealed, arguing that, pursuant to Code § 19.2-294.1, "his conviction for reckless driving barred prosecution of the driving while intoxicated" "because both charges stemmed from the same act." Id. at 759, 263 S.E.2d at 389.

In reversing Padgett's conviction for driving while intoxicated, the Supreme Court of Virginia held that "[t]he bar of Code § 19.2-294.1 encompasses offenses which, though separate and distinct, grow out of 'the same act or acts.'" Id. at 760, 263 S.E.2d at 389.

> Because § 19.2-294.1 relates to matters of a penal nature and is remedial in character, it must be construed strictly against the Commonwealth and favorably to the accused. So construing it, we do not believe that the difference in venue involved in this case alters the singular nature of the act or acts out of which the charges against the defendant arose. *We interpret the language, "the same*

> *act or acts," to mean "the same act or acts" of driving and to contemplate a continuous, uninterrupted course of operation of a motor vehicle, without regard to the crossing of the boundary line between two localities.*

Id. at 760-61, 263 S.E.2d at 389-90 (emphasis added).

Therefore,

> [i]n Padgett, the Supreme Court recognized that the two offenses subject of [sic] Code § 19.2-294.1, DUI and reckless driving, are "separate and distinct" violations. Padgett, 220 Va. at 760, 263 S.E.2d at 389. Nevertheless, the Court reasoned that the legislature intended that a conviction of one offense would preclude conviction of the other, whenever both "grew" from the same "continuous, uninterrupted course of operation of a motor vehicle." Padgett, 220 Va. at 760-61, 263 S.E.2d at 389-90. Thus, the statute is applicable "where these two offenses grow 'out of the same act or acts'" of driving. Lash v. County of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853-54 (1992) (*en banc*) (citations omitted); accord Crawley v. Wilkerson, 283 F. Supp. 447, 449 (W.D. Va. 1968). It is the commonality of the underlying offending conduct, *the continuous, uninterrupted operation of a motor vehicle, that invokes the preclusive effect of the statute.*

Harris v. City of Virginia Beach, 19 Va. App. 214, 216-17, 450 S.E.2d 401, 402 (1994) (emphasis added).

In Harris, the defendant struck a "concrete barrier" with his car while driving on an "expressway." Id. at 215, 450 S.E.2d at 401. "Without stopping," the defendant left the highway at the next interchange, "stopped or slowed momentarily at an unmanned collection machine to pay a toll and immediately proceeded to a traffic signal." Id. at 215, 450 S.E.2d at 402. When the defendant arrived at the traffic signal, he was involved in a second collision – this time with another car. Id. The second collision followed the first within "three to five minutes" and occurred only "[a] mile and a half, two miles" away from the first. Id. Harris was charged by two different police officers, one a Virginia Beach Police Officer and another a Virginia State Trooper. Id. at 215-16, 450 S.E.2d at 402. One charge was for DUI, another was for reckless driving as a result of the first collision. Id. This Court reversed and dismissed the defendant's subsequent conviction on the DUI charge, noting that his earlier conviction for

- 3 -

reckless driving barred his conviction for that charge.  Id. at 217, 450 S.E.2d at 402.

Specifically, we noted that the defendant's "alleged misconduct was intimately related in time

and distance, arising from and connected by one continuous, uninterrupted operation of

defendant's motor vehicle.  Under such circumstances, the legislature clearly intended that a

conviction of one offense result in a dismissal of the other."  Id.

In the case at bar, similar to Padgett and Harris, Brown was charged with and convicted

of both Code § 19.2-294.1 offenses - DUI and reckless driving.  The record clearly establishes

that Brown's "offending conduct" was "intimately related in time and distance, arising from and

connected by one continuous, uninterrupted operation of [Brown's]" car.  Id.  Indeed, Troopers

Turner and Hackney initially pursued Brown because he "came through radar traveling at

eighty-three miles in a fifty-five mile an hour zone" and "squealed" his tires.  Although the

troopers subsequently lost sight of Brown's car for "three to five-minutes [sic]," no evidence in

the record suggests that Brown discontinued operation of his car before he was ultimately

stopped.[2]

Relying upon this Court's decision in Lash, the Commonwealth argues "[t]he sole fact

leading to the conviction for reckless driving" "was Trooper Turner's measurement of [Brown's]

speed by radar when he was first observed."  Thus, because the officers had no reason to suspect

---

[2] Whether Brown's actions constitute the "same act or acts," as contemplated by Code § 19.2-294.1, is a mixed question of law and fact, with this Court bound only by supported findings of historical fact made by the trial court.  Copeland v. Commonwealth, 42 Va. App. 424, 437, 592 S.E.2d 391, 397 (2004) (recognizing that where an issue involves a mixed question of fact and law, this Court will "defer to the trial court's factual findings unless plainly wrong or without evidence to support them, but review the ultimate question of law . . . *de novo*").  While the trial court found the "*events*," "although they were close in time," were "separate and distinct," we do not consider this statement by the trial court to equate to a factual finding that Brown temporarily discontinued operation of his car.  (Emphasis added).  In fact, the context of the trial court's statement is clearly in reference only to the criminal conduct supporting the different charges.  Moreover, as stated above, there is no evidence in this record that gives rise to any reasonable inference that Brown did anything other than engage in a continuous operation of his vehicle.

that Brown was intoxicated until they were able to stop him, the Commonwealth argues his convictions were based upon two separate and distinct acts of misconduct.

The Commonwealth's contention in this regard is meritless. In fact, the Commonwealth ignores the Supreme Court of Virginia's long-standing direction that the same "act or acts," when considering convictions falling within the parameters of Code § 19.2-294.1, are "construed to mean the same act or acts 'of driving' and to contemplate *a continuous, uninterrupted course of operation of a motor vehicle*." Padgett, 220 Va. at 761, 263 S.E.2d at 389-90 (emphasis added). Moreover, while we found the defendant's conduct in Lash to constitute separate and distinct acts – specifically, his conduct of driving away from a police officer after the officer ordered him to "park" his "unsafe" car, of subsequently driving through a red traffic signal, driving at excessive speeds through a supermarket parking lot, and his failure to stop in response to the police officer's flashing light and siren – Lash was not charged or convicted with driving while intoxicated. Lash, 14 Va. App. at 928, 931, 421 S.E.2d at 852, 854. For that reason, this Court's holding in that case was premised upon Code § 19.2-294 - not Code § 19.2-294.1. Id. at 931, 421 S.E.2d at 854.

Moreover, the Commonwealth's argument completely ignores the fact that we specifically noted in Lash:

> Code § 19.2-294.1 and Code § 19.2-294 *are different.* Code § 19.2-294.1. . . deals only with the offenses of driving while intoxicated and reckless driving; it applies to no other criminal offenses. Id. This statute is applicable where these two offenses grow "out of the same act or acts." Id. "[T]he same act or acts" means the act "of driving" and contemplates "*a continuous, uninterrupted course of operation of a motor vehicle.*" [Padgett, 220 Va. at 761, 263 S.E.2d at 389-90].
>
> Code § 19.2-294, on the other hand, applies to violation of any two or more statutes, not just driving while intoxicated and reckless driving. It is applicable only if "the same act" is a violation of two or more statutes, not to offenses "growing out of the same act or acts." Code § 19.2-294. Furthermore, Code § 19.2-294 *does not contemplate "a continuous, uninterrupted course of operation of a motor vehicle."* Code § 19.2-294; see also [Fitzgerald v.

- 5 -

Commonwealth, 11 Va. App. 625, 629, 401 S.E.2d 208, 211, aff'd
on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991)].

Id. at 930-31, 421 S.E.2d at 853-54 (footnote omitted) (emphases added).

Accordingly, under the circumstances presented on this record, we find that the trial court erred in determining, as a matter of law, that Brown could be convicted for both DUI and reckless driving for his "continuous, uninterrupted course of operation of a motor vehicle." Padgett, 220 Va. at 761, 263 S.E.2d at 389-90. We thus reverse Brown's convictions and remand, with direction to the trial court to dismiss one of the convictions at issue.

Reversed and remanded.