PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Humphreys and Chafin
Argued at Salem, Virginia

BARRY EUGENE LAWSON

                                                    OPINION BY
v.        Record No. 2421-11-3        CHIEF JUDGE WALTER S. FELTON, JR.
                                                  DECEMBER 11, 2012

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Andrew P. Hynes, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Barry Eugene Lawson ("appellant") was convicted by the Circuit Court of Henry County

("circuit court") of driving while intoxicated, fourth offense, in violation of Code §§ 18.2-266 and

18.2-270, following his conditional guilty plea.  On appeal, appellant contends the circuit court

erred in denying his motion to dismiss that indictment.  He asserts that prosecution was barred by

Code § 19.2-294.1 as a result of his prior conviction of reckless driving arising out of the same

course of driving.  For the following reasons, we reverse the judgment of the circuit court.

I.  BACKGROUND

On April 12, 2011, appellant was involved in a single car accident in Henry County.  He

admitted to Virginia State Trooper R.E. Dillon that he was the driver.  A subsequent blood test

showed his blood alcohol content to be 0.18 by weight by volume.

On May 18, 2011, the Henry County General District Court ("district court") found

appellant guilty of reckless driving.  The district court also found probable cause to believe

appellant committed the felony offense of driving while intoxicated, fourth or subsequent offense, in violation of Code §§ 18.2-266 and 18.2-270, as well as driving while intoxicated while his driver's license was revoked for two or more prior driving while intoxicated offenses, in violation of Code § 46.2-391(D). He was subsequently indicted on each of those offenses.[1]

On September 29, 2011, appellant moved the circuit court to dismiss the indictment for driving while intoxicated, fourth or subsequent offense, arguing that conviction was barred by Code § 19.2-294.1 as a result of his prior reckless driving conviction arising out of the same course of driving. The circuit court denied appellant's motion to dismiss, stating that because the district court had no authority to try a felony charge, the subsequent felony prosecution and conviction in the circuit court did not violate Code § 19.2-294.1. Appellant thereafter was convicted on his conditional guilty plea to driving while intoxicated, fourth offense. This appeal followed.

## II. ANALYSIS

"An issue of statutory interpretation is a pure question of law which we review de novo." Kozmina v. Commonwealth, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011).

> "When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute."

Id. at 349-50, 706 S.E.2d at 862 (quoting Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted)).

Code § 19.2-294.1 provides that:

> [w]henever any person is charged with a violation of § 18.2-266 or any similar ordinances of any county, city, or town and with

---

[1] Appellant pled guilty to driving while intoxicated while his privilege to drive was suspended in violation of Code § 46.2-391(D). That conviction is not before this Court on appeal.

reckless driving in violation of § 46.2-852 or any ordinance of any county, city or town incorporating § 46.2-852, growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss *the remaining charge*.

(Emphasis added).

Applying the plain meaning of Code § 19.2-294.1, we conclude that the circuit court erred in not granting appellant's motion to dismiss the indictment charging him with driving while intoxicated, fourth or subsequent offense.

> Under the plain and unambiguous terms of Code § 19.2-294.1, one may not be "charged" and "convicted" of both DUI and "reckless driving." A conviction of either DUI or reckless driving, whether in simultaneous or successive prosecutions, requires dismissal of the other charge if the other charge arose from the same act or acts.

White v. Commonwealth, 26 Va. App. 410, 413, 494 S.E.2d 896, 897 (1998).[2]

Because appellant had previously been convicted of reckless driving in the district court, arising out of the same acts or act that were the basis of the felony indictment for driving while intoxicated, fourth or subsequent offense, Code § 19.2-294.1 requires the dismissal of the driving while intoxicated, fourth or subsequent offense, indictment. Accordingly, we hold that the circuit court erred in denying appellant's motion to dismiss the indictment charging him with driving while intoxicated, fourth or subsequent offense.

## III. CONCLUSION

For the foregoing reasons, we reverse appellant's conviction for driving while intoxicated, fourth offense.

Reversed and final judgment.

---

[2] We note that in Padgett v. Commonwealth, 220 Va. 758, 263 S.E.2d 388 (1980), the Supreme Court reversed Padgett's conviction for driving while intoxicated in Bedford County after he had been convicted of reckless driving in the City of Lynchburg based on the same uninterrupted, continuous course of driving. The Supreme Court held that the "difference in venue involved in [the] case [did not] alter[] the singular nature of the acts or acts out of which the charges against [Padgett] arose." Id. at 761, 263 S.E.2d at 389.