## Norfolk

JEROME LEE FREEMAN

v.

COMMONWEALTH OF VIRGINIA

No. 1279-90-1

Decided March 17, 1992

COUNSEL

Lawrence L. Lieberman, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On June 6, 1990, Jerome Lee Freeman, the appellant, was convicted in a bench trial of burglary in violation of Code § 18.2-91. On April 16, 1990, he had been tried for a misdemeanor charge of petit larceny arising from the same transaction. On appeal, Freeman contends (1) the prosecution for burglary in the circuit court was barred by double jeopardy, (2) the trial for burglary was a "successive prosecution," and (3) this court's ruling in *Low v. Commonwealth*, 11 Va. App. 48, 396 S.E.2d 383 (1990), controls this decision. We combine issues one and two. We find no error and affirm the judgment of the trial court.

On April 16, 1990, the appellant was tried in the juvenile and domestic relations district court for petit larceny of meats from his wife. He pleaded not guilty. The charge was "dismissed without prejudice." In the same proceeding, the juvenile and domestic relations court conducted a preliminary hearing on a warrant charging burglary arising out of the same occurrence. It certified the burglary charge to the grand jury, which returned the indictment upon which the appellant was tried on June 6, 1990 and found guilty.

The appellant made no motion to strike and presented no evidence at trial. Several days prior to sentencing, he moved to vacate the verdict on the ground of double jeopardy, alleging that the burglary prosecution was barred by the previous trial on the petit larceny charge. This appeal addresses the trial court's denial of that motion.

The appellant first contends that the burglary prosecution was barred by double jeopardy. Initially, the Commonwealth asserts that the appellant's double jeopardy claim is procedurally barred. It argues that this defense, being based upon a defect "in the institution of the prosecution or in the written charge upon which the accused is to be tried," must be raised at least seven days before the day fixed for trial. Rule 3A:9(b)(1). Failure to raise such a defense properly is a waiver.

■ Rule 3A:9(d) provides: "For good cause shown the court may grant relief from any waiver provided for in this Rule." The trial court held that under the circumstances of this case, the plea of double jeopardy should not be deemed waived. The record supports that holding. *Grady v. Corbin*, 495 U.S. 508 (1990), was decided on May 29, 1990. The appellant was tried on June 6, 1990. To comply with Rule 3A:9, the appellant must have filed his motion by May 30, 1990, one day after the *Grady* decision. We affirm the trial court's finding that this time limitation is "good cause shown," and that the plea of double jeopardy is not procedurally barred.

The traditional test of double jeopardy is set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), which states, "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. Applying this standard, the appellant's double jeopardy claim fails. The burglary and larceny charges each required proof of a fact not required for the other.

■ However, *Blockburger* is not the only test for double jeopardy. *Grady*, 495 U.S. at 519. In *Grady*, the Supreme Court set forth a further standard for determining whether successive prosecutions are barred.

The Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

*Id.* at 521. The appellant contends that to prove the intent to commit larceny, an essential element of the burglary charge, the Commonwealth proved the petit larceny, conduct for which he had already been prosecuted in the petit larceny trial.

The trial court ruled that the burglary trial was not a prosecution successive to the larceny trial within the meaning of *Grady*. We agree. The burglary and larceny charges were instituted simultaneously by the issuance of warrants which were brought together for hearing in the juvenile and domestic relations district court. That court had jurisdiction to conclude only the misdemeanor larceny charge. It was required to conduct a preliminary

hearing with respect to the burglary charge, and its jurisdiction was limited to the performance of that function.[1] The amenability of the misdemeanor charge to early conclusion, whereas the felony charge required further proceedings, all pursuant to established rules of procedure, does not alter the fact that these were concurrent, not successive, prosecutions.

Finally, the appellant contends that this case is governed by *Low v. Commonwealth*, 11 Va. App. 48, 396 S.E.2d 383 (1990). In *Low*, the appellant was convicted of the misdemeanor of assault and battery and subsequently prosecuted for robbery arising out of the same incident. Finding that the assault and battery for which Low was convicted was the conduct providing the assault element necessary to the robbery charge, we held that *Grady* barred the subsequent prosecution. This case does not involve successive prosecutions and is, therefore, not controlled by *Low*.

The judgment of the trial court is affirmed.

*Affirmed.*

Baker, J., and Moon, J., concurred.

---

[1] If it considers that the evidence justifies only a misdemeanor charge, the district court has jurisdiction to reduce the charge to a misdemeanor and to proceed to final disposition on the reduced charge. Code § 19.2-86. However, such action terminates the felony prosecution.