**Richmond**

ROBERT LEONARD SLATER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0522-91-2

Decided January 12, 1993

594

COUNSEL

Claire E. Keena (Charles J. Zauzig, III; Nichols, Bergere, Borinsky & Zauzig, P.C., on brief), for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—Convicted in a bench trial of operating a motor vehicle after having been declared an habitual offender, the appellant, Robert L. Slater, Jr., contends (1) that his conviction was barred by Code § 19.2-294, and (2) that the trial court erred in receiving into evidence a copy of the order declaring him an habitual offender. We disagree and affirm the judgment of the trial court.

On December 22, 1980, the Circuit Court of Prince William County declared Slater to be an habitual offender under Code § 46.1-387.2.[1] On May 19, 1990, Deputy Sheriff J. R. Curtis stopped Slater after spotting his vehicle moving without lights and squealing its tires. The officer simultaneously charged Slater with driving while under the influence of alcohol and with driving after having been declared an habitual offender. On August 23, 1990, the general district court convicted Slater of driving while under the influence. On March 21, 1991, the trial court convicted him of driving after having been adjudged an habitual offender.

Over objection, the trial court received into evidence a copy of the Prince William County Circuit Court order adjudicating Slater an habitual offender. Karen Raymond, a deputy clerk of the Prince William County Circuit Court, certified the order as a true copy. A Prince William County Circuit Court judge certified that Karen Raymond was a deputy clerk, that the certificate was in due form, and that the official acts of a deputy clerk are entitled to full faith and credit.

[1] Now Code § 46.2-351.

Code § 19.2-294 states, in part:

> If the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other.

Slater argues that the charges of driving while intoxicated and driving after having been adjudged an habitual offender were based on the same act of driving and that his conviction of the former on August 23, 1990, barred his prosecution and conviction for the latter. We disagree.

> Code § 19.2-294 does not apply to simultaneous prosecutions.
>
> By its terms, the statute only bars "prosecution[s] or proceeding[s]" after there has been a "conviction." A "prosecution or proceeding" after a "conviction," by definition requires multiple or successive proceedings or prosecutions.

*Hall v. Commonwealth*, 14 Va. App. 892, 897, 421 S.E.2d 455, 459 (1992) (en banc). Where charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive, prosecutions. *Freeman v. Commonwealth*, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992).

In *Freeman*, the defendant was simultaneously charged with statutory burglary of his estranged wife's home and with petit larceny of her property. The juvenile and domestic relations district court convicted him of the petit larceny and certified the burglary charge to the circuit court. Rejecting the defendant's argument that under the rule of *Grady v. Corbin*, 495 U.S. 508 (1990), the larceny conviction barred his prosecution for the burglary, we said:

> The burglary and larceny charges were instituted simultaneously by the issuance of warrants which were brought together for hearing in the juvenile and domestic relations court. . . . The amenability of the misdemeanor charge to early conclusion, whereas the felony charge required further proceedings, all pursuant to established rules of procedure, does not alter the fact that these were concurrent, not successive, prosecutions.

*Freeman,* 14 Va. App. at 128, 414 S.E.2d at 873.

The rationale that governs *Freeman* applies with equal force here. The charges of driving while under the influence of alcohol and of driving after having been declared an habitual offender were lodged simultaneously. The former charge, being a misdemeanor, was amenable to early conclusion. The latter, being a felony, required extended proceedings. Many circumstances may determine the time within which criminal charges are concluded. It is the time of institution which determines whether multiple charges are simultaneous or successive.

Even were Code § 19.2-294 held to apply, it would not require reversal in this case. Operating a motor vehicle while under the influence of alcohol and driving a motor vehicle upon a highway after having been adjudged an habitual offender are separate acts. *See Estes v. Commonwealth* 212 Va. 23, 24-25, 181 S.E.2d 622, 624 (1971) (per curiam); *Treu v. Commonwealth*, 12 Va. App. 996, 997-98, 406 S.E.2d 676, 677 (1991); *Moore v. Commonwealth*, 14 Va. App. 198, 201-02, 415 S.E.2d 247, 249-50 (1992) (applying the same act analysis against the standard of *Grady*); *Lash v. County of Henrico*, 14 Va. App. 926, 421 S.E.2d 851 (1992) (en banc).

■ Slater next contends that the Prince William County order should not have been received into evidence because it was not certified as required by Code § 8.01-391. However, that is not the statute that controls admissibility of court records. Code § 8.01-389(A) provides, in part:

> The records of any judicial proceeding and any other official records of any court of this Commonwealth shall be received as prima facie evidence provided that such records are authenticated and certified by the clerk of the court where preserved to be a true record.

The certification appended to the Prince William County order satisfied the requirements of that statute. *See* Owens v. Commonwealth, 10 Va. App. 309, 311, 391 S.E.2d 605, 606-07 (1990).

The judgment of the trial court is affirmed.

*Affirmed.*

Elder, J., concurred.

Benton, J., dissenting.

For the reasons stated in *Hall v. Commonwealth,* 14 Va. App. 892, 903-05, 421 S.E.2d 455, 462-64 (1992) (en banc) (Koontz, C.J., and Benton, J., dissenting), I would hold that Code § 19.2-294, "by its express terms, does not exclude its application to multiple convictions obtained in a single trial." *Id.* at 904, 421 S.E.2d at 463.

I would also hold that in *Padgett v. Commonwealth,* 220 Va. 758, 263 S.E.2d 388 (1980), the Supreme Court of Virginia implicitly overruled the elements of the offense analysis found in *Estes v. Commonwealth,* 212 Va. 23, 181 S.E.2d 622 (1971). Code § 19.2-294 requires that this Court use an analysis of the act or conduct of the accused. *See Padgett, Lash v. County of Henrico,* 14 Va. App. 926, 931, 421 S.E.2d 851, 854 (1992) (en banc) (Koontz, C.J., and Benton, J., dissenting). Accordingly, I dissent.