COURT OF APPEALS OF VIRGINIA


Present:  Judges Barrow,[*] Coleman and Koontz
Argued at Salem, Virginia


JIMMY ELDRIDGE DOSS

v.          Record No. 2003-93-3          MEMORANDUM OPINION[**] BY
                                          JUDGE BERNARD G. BARROW
COMMONWEALTH OF VIRGINIA                        MAY 9, 1995


            FROM THE CIRCUIT COURT OF HENRY COUNTY
                  David V. Williams, Judge

        Wayne T. Baucino (Office of the Public Defender, on
        briefs), for appellant.

        G. Russell Stone, Jr., Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on brief),
    for appellee.


     In this criminal appeal, we hold that the record is

insufficient to conclude that the defendant was subjected to

double jeopardy when he was convicted of involuntary

manslaughter, Code § 18.2-36.1, following conviction for driving

under the influence of alcohol, Code § 18.2-266.  Further, we

hold that the provisions of Code § 19.2-294 and the defendant's

conviction for driving under the influence did not bar his

subsequent conviction in a separate prosecution for involuntary

manslaughter.

     Driving while intoxicated, the defendant lost control of his

_____

        [*]Judge Bernard G. Barrow participated in the hearing and
decision of this case and prepared the opinion prior to his
death, and the other panel members joined in the opinion.

        [**]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

automobile, ran off of the road, and overturned.  The accident caused the death of his daughter, a passenger in the car.  Arrest warrants, issued that day, charged him with homicide and driving under the influence.  On November 18, 1992, in general district court, the defendant pleaded guilty and was convicted of driving under the influence in violation of Code § 18.2-266.  On January 18, 1993, he was indicted for involuntary manslaughter under Code § 18.2-36.1.  On July 9, 1993, he entered a conditional guilty plea and was convicted of involuntary manslaughter in circuit court.

A person violates Code § 18.2-36.1 if, "as a result of driving under the influence in violation of subdivision (ii), (iii), or (iv) of § 18.2-266," he or she "unintentionally causes the death of another person."  The defendant argues that in order for the Commonwealth to establish a violation of Code § 18.2-36.1, it had to prove a violation of Code § 18.2-266, an offense for which he had already been convicted by the general district court.  Thus, he contends, trying him for violation of Code § 18.2-36.1 subjected him to double jeopardy.  See Blockburger v. United States, 284 U.S. 299, 304 (1932).

We reject this contention because we cannot determine on the record before us that the defendant had been convicted previously of violating subdivision (ii), (iii), or (iv) of Code § 18.2-266, rather than subdivision (i).  The record reflects only that he was convicted in the general district court of "unlawfully

operat[ing] a motor vehicle while intoxicated," a "violation of Section 18.2-266, Code of Virginia." The record does not prove that he was convicted of violating subdivision (ii), (iii), or (iv) of Code § 18.2-266, as opposed to subdivision (i) of that section.

When asserting a defense of double jeopardy, a defendant must substantiate his allegation and "establish the identity of the offenses" material to his plea. Low v. Commonwealth, 11 Va. App. 48, 50, 396 S.E.2d 383, 384 (1990). Usually a defendant accomplishes this "by production of the record or transcript of the initial trial." Id. The record in this case does not establish that the offense for which the defendant was convicted in the general district court was the same offense which had to be proved to convict him later of having violated Code § 18.2-36.1. Furthermore, the record contains no stipulation or concession by the prosecution upon which we can rely. See Cooper v. Commonwealth, 13 Va. App. 642, 644, 414 S.E.2d 435, 436 (1992). Therefore, the record on appeal fails to support the defendant's claim that his conviction for driving under the influence barred his conviction for involuntary manslaughter on double jeopardy principles. Id.

However, the record is sufficient for us to address the issue raised under Code § 19.2-294. "If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding

under the other."  Code § 19.2-294.

The applicability of Code § 19.2-294 depends on "the identity of the act."  Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661, cert. denied, 439 U.S. 892 (1978).  In this case, the two convictions arose out of the "same act."  See Lash v. Commonwealth, 14 Va. App. 926, 930-31, 421 S.E.2d 851, 854 (1992) (en banc).  At trial, the prosecution agreed that these two charges arose from "an accident on October 30, 1992 which resulted in the death of the defendant's four year old daughter."  Unlike Lash, this defendant's conduct -- driving while intoxicated -- was not separable into different acts giving rise to multiple offenses.  Here, one act gave rise to both charges.

However, Code § 19.2-294 does not bar multiple convictions arising out of the same act if they are prosecuted simultaneously.  Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993).  When charges are brought at the same time, "the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive, prosecutions."  Id.

In this case, the warrants were issued at the same time, although the charges were heard at different times in different courts.  Because the charges were initiated simultaneously, the proceedings are concurrent, not successive, and thus, both convictions are permitted under Code § 19.2-294.  Id.  But see Wade v. Commonwealth, 9 Va. App. 359, 388 S.E.2d 277 (1990)

- 4 -

(holding Code § 19.2-294 barred conviction for attempted capital murder after conviction for obstructing justice based on "same act," although both charges brought simultaneously).[1]

Accordingly, we affirm the conviction for involuntary manslaughter under Code § 18.2-266.

Affirmed.

---

[1]We find we are bound by Slater, which squarely addressed the question of concurrent prosecutions.  However, we note an apparent conflict with Wade, which did not directly address the question.  Further, we note that the rationale of Slater is borrowed from Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992), a double jeopardy case which relied on the recently overruled Grady v. Corbin, 495 U.S. 508 (1990), overruled by United States v. Dixon, 113 S. Ct. 2849 (1993).