## CIRCUIT COURT OF ORANGE COUNTY

Commonwealth of Virginia

v.

Warren P. Branham, III

May 18, 1995

Case No. CR95000115

By Judge Lloyd C. Sullenberger

The Court has considered the helpful memoranda of counsel, the oral argument, and authorities cited which include recent Virginia circuit and general district court rulings.

The stipulated facts necessary for decision are that defendant was arrested for driving under the influence of alcohol (DUI) on January 1, 1995. After submitting to a breath test evidencing his blood alcohol content to be more than 0.08 grams per 210 liters of breath, his driver's license was suspended for seven days pursuant to Virginia Code § 46.2-391.2, a so-called administrative license suspension (ALS). Defendant did not seek review of the suspension during the seven-day period.

He now asserts that his prosecution for DUI is barred by the constitutional prohibition against double jeopardy because of the ALS.

The Double Jeopardy Clause of the Fifth Amendment to the U. S. Constitution (and of Virginia Constitution, Article I, Section 8) protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See United States v. Halper*, 490 U.S. 441, 109 S. Ct. 1892, 1897 (1989).

In both multiple punishment and multiple prosecution contexts, where two offenses for which the defendant is punished or tried cannot survive the same-element test, the double jeopardy bar applies. The same-element test, sometimes referred to as the *"Blockburger"* test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense," and double jeopardy bars additional punishment and

successive prosecutions. *United States v. Dixon*, 113 S. Ct. 2849, 2856 (1993) (plurality opinion).

In a single proceeding, the Double Jeopardy Clause is limited to assuring that the court does not exceed its legislative authority by imposing multiple punishments for the same offense. See *Brown v. Ohio*, 431 U.S. 161, 97 S. Ct. 2221, 2225 (1977).

The issues before the court are (I) whether ALS is punishment, and, if so, (II) whether the DUI prosecution is a separate proceeding or prosecution from the ALS.

I. The Court finds that ALS is not punishment for the purpose of the Double Jeopardy Clause analysis. If ALS may not fairly be characterized as remedial, but only as a deterrent or retribution, it would be punishment. See *United States v. Halper, supra*, 109 S. Ct. at 1902. The Virginia Supreme Court held in *Prichard v. Battle*, 178 Va. 455, 463 (1941), that an administrative suspension of a driver's license was not to punish the driver but to remove from the highways one who is a potential danger to other highway users.

The remedial purpose of protecting highway users from drivers whose driving conduct threatens other highway users remains the focus of the General Assembly — at least as to the laws requiring license suspension based on driving conduct. See Senate Joint Resolution No. 172, establishing a study of ALS. 1989 Va. Acts of Assembly, vol. 2, p. 2273.

II. Even if ALS be punishment for Double Jeopardy Clause analysis, the Court finds that no separate proceeding or prosecution is involved in the ALS and the DUI prosecution. Under the Virginia statutory scheme, the ALS and the DUI prosecution are different prongs of a single, coordinated, contemporaneous proceeding. See Va. Code §§ 18.2-266 ff. and § 46.2-391.2.

During the short life of *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084 (1990), as part of double jeopardy jurisprudence — before it was overruled in 1993 by *United States v. Dixon, supra* — the courts had to determine what were single prosecutions and proceedings and what were separate, successive prosecutions and proceedings because the rule of *Grady v. Corbin* applied only to successive prosecutions and proceedings. Cases addressing this issue in the *Grady v. Corbin* context support the conclusion that the DUI prosecution of Branham is not a prosecution or proceeding separate from the ALS. See e.g., *Thomas v. Commonwealth*,

244 Va. 1, 9 (1992); *Freeman v. Commonwealth*, 14 Va. App. 126, 129 (1992).

The plea in bar of double jeopardy will be overruled.