COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Overton
Argued at Salem, Virginia


CHARLES THOMAS ELKINS

v.          Record No. 0990-94-3          MEMORANDUM OPINION*
                                          BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA                  DECEMBER 19, 1995


            FROM THE CIRCUIT COURT OF BOTETOURT COUNTY
                    George E. Honts, III, Judge

         Jonathan M. Apgar (Damico & Apgar, on brief),
         for appellant.

         Thomas C. Daniel, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on brief),
         for appellee.


     Charles Thomas Elkins (appellant) appeals from a judgment of
the Circuit Court of Botetourt County (trial court) that approved
a jury verdict convicting him for felonious driving after having
been adjudicated an habitual offender.  The jury found that
appellant drove in such a manner as to endanger life, limb, or
property of another.  Appellant contends that the evidence is
insufficient to support the charge and conviction that his
driving endangered the life, limb, or property of another and,
therefore, he asserts that we are required to reverse his
conviction.

     Viewing the evidence, as we must, in the light most
favorable to the Commonwealth, granting to it all reasonable
inferences fairly deducible therefrom, Higginbotham v.
_____

     *Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975), we find from the record that at 12:10 a.m. on October 31, 1993, Botetourt County Sheriff's Deputy B. J. Ulrich (Ulrich) was driving southbound on Route 220. He came upon a 1971 Buick automobile, being driven by appellant, which was traveling approximately 35 miles per hour in a 45 miles per hour zone.

Ulrich observed appellant's vehicle weave "real bad" as it ran off the right side of the shoulder into the gravel with its two right tires being off the roadway. Appellant then jerked his car to the left so that the two left tires crossed the dotted line marking the passing lane. That same manner of driving was twice repeated, whereupon Ulrich activated his lights signaling appellant to stop. Appellant promptly brought his vehicle to a stop.

Ulrich observed three people inside appellant's car, all sitting in the front seat. While the two passengers remained in place, leaving the motor running, appellant "kind of dove right over into the back seat to the passenger side." When appellant exited his car, Ulrich observed that he was unsteady on his feet, having to lean against the car to keep from falling. Ulrich also testified that appellant had a strong odor of alcohol about him, glassy bloodshot eyes, and his speech was "low and slurred." Ulrich then learned that appellant had only recently been declared an habitual offender.

Appellant contends that a 1993 amendment to Code § 46.2-357 directs that under the above facts, his conviction could not be for a felony.  In relevant part, the amendment provides:

>     (B)(1)  If such driving does not, of itself,
>     endanger the life, limb, or property of
>     another, such person shall be guilty of a
>     misdemeanor punishable by confinement in jail
>     for no more than 90 days and a fine of not
>     more than $2,500, either or both.  However,
>     ten days of any such confinement shall not be
>     suspended except in cases designated in
>     subdivision 2(ii) of this section.
>
>     (2)  If such driving, of itself, does
>     endanger the life, limb, or property of
>     another, such person shall be guilty of a
>     felony punishable by confinement in the state
>     correctional facility for not less than one
>     year nor more than five, or by confinement in
>     jail for twelve months and no portion of such
>     sentence shall be suspended . . . .

Appellant argues that there is no evidence that he came too close to hitting anything or anybody or violated any other traffic laws of the Commonwealth; and that there is no evidence that the area where he chose to pull off the highway was inappropriate but rather that it can be inferred from the evidence that the area could safely accommodate both the car appellant was driving and the deputy's car.  He further contends that this inference is consistent with his testimony that he was deliberately driving on the shoulder to bring the car to a stop off of the paved highway.  Therefore, he concludes, the evidence is insufficient to show that, absent the question of intoxication, the pulling onto the right shoulder of the highway and coming to a stop was, in and of itself, not actually

endangering anything.  He insists that the statute requires more than the mere "potential" for harm.

The jury and trial court rejected appellant's testimony that he had decided to bring his car to a stop on the shoulder of the road prior to Ulrich's warning to stop.  We cannot say that rejection was plainly wrong or without evidence to support it.

The evidence discloses that appellant was observed driving his vehicle in an erratic manner, weaving from off the shoulder of the road across the right-hand lane and into the passing lane, each time jerking his vehicle back across the road.  We hold that appellant's conduct established a factual question supporting the jury's verdict.

There is no merit to appellant's double conviction argument.  The prosecutions of appellant for driving while intoxicated and driving after being adjudged an habitual offender began at the same time with his arrest upon both charges.  Regardless of the conclusion of proceedings on the driving while intoxicated charge before appellant's trial for driving while an habitual offender, Code § 19.2-294 does not bar the latter conviction because "[i]t is the time of institution which determines whether multiple charges are simultaneous or successive."  Slater v. Commonwealth, 15 Va. App. 593, 596, 425 S.E.2d 816, 817 (1993).

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.
