COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


KENNETH ARNOLD SMITH, JR.

v.          Record No. 0247-95-1          MEMORANDUM OPINION[*]
                                    BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA               FEBRUARY 6, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                    Alfred W. Whitehurst, Judge


            Walter B. Dalton for appellant.

            Eugene Murphy, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


    Kenneth Arnold Smith, Jr. (appellant) appeals from his bench

trial conviction, in the Circuit Court of the City of Norfolk

(trial court), for driving a motor vehicle on a public street

after having been declared an habitual offender.  The sole issue

presented by this appeal is whether prosecution was barred by the

double jeopardy provision of the Constitution of the United

States or Code § 19.2-194, because he had previously been

convicted for driving on a revoked or suspended license for the

same incident.  The facts from which his conviction arose are not

in dispute.

    On July 8, 1994, at approximately 1:05 a.m., Corporal W. P.

McNett of the Norfolk Police Department pulled over appellant for

------------------------------

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

a speeding violation. Corporal McNett discovered that appellant did not have a driver's license and that he had been declared an habitual offender on August 17, 1987. Appellant was issued warrants for those two offenses.

On November 17, 1994, in Norfolk General District Court, appellant entered a plea of no contest to the suspended or revoked license charge, was found guilty, and received a $100 fine, a 30-day suspended jail sentence, and a 30-day license suspension. On that same day, appellant waived the preliminary hearing on the charge of driving after having been declared an habitual offender and was subsequently indicted.

On January 27, 1995, a hearing was held in the trial court to consider a pretrial motion to dismiss the indictment on the ground that, due to the misdemeanor conviction, a conviction for driving after having been declared an habitual offender would be barred by Code § 19.2-294 or the double jeopardy clause. After the court overruled the motion, appellant entered a conditional plea of guilty. The trial court found him guilty and sentenced appellant to twelve months in jail.

In interpreting when double jeopardy bars prosecution of two offenses, the United States Supreme Court has declared that "the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 248 U.S. 299, 304 (1932). In the matter before us, to convict

appellant for unlawfully driving after having been declared an habitual offender, the Commonwealth was required to show that the order finding that appellant was an habitual offender was still in effect, a requirement not necessary to his conviction for driving on a suspended license. This distinction permits his prosecution, conviction, and punishment for both offenses. See Edenton v. Commonwealth, 227 Va. 413, 316 S.E.2d 736 (1984), where the Supreme Court of Virginia approved prosecutions for driving without a license and driving after having been declared an habitual offender. See also Eagleton v. Commonwealth, 18 Va. App. 469, 445 S.E.2d 161 (1994), where we held that double jeopardy principles did not prevent Eagleton from being prosecuted and convicted for several driving offenses arising "out of the same incidents," because speeding, eluding the police, driving while intoxicated, and driving after having been declared an habitual offender all required proof of different elements.

Appellant further asserts that Code § 19.2-294 bars his conviction for driving after having been declared an habitual offender because he previously had been convicted for driving after his license to drive had been revoked or suspended. We disagree.

Appellant was arrested and simultaneously charged with the two offenses arising out of the same driving incident. Both charges were simultaneously presented to the district court,

where appellant was convicted of the misdemeanor, and sent on to the grand jury on the felony. Similar facts and procedures were shown in Slater v. Commonwealth, 15 Va. App. 593, 425 S.E.2d 816 (1993), and we held that "[w]here charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive, prosecutions." Id. at 595, 425 S.E.2d at 817; see also Freeman v. Commonwealth, 14 Va. App. 126, 414 S.E.2d 871 (1992).

Appellant argues that Wade v. Commonwealth, 9 Va. App. 359, 388 S.E.2d 277 (1990), supports his position. In Wade, the Commonwealth stipulated that identical proof would be used to support the several charges. That case is distinguishable from the case before us.

Because the two offenses for which appellant was charged required different evidence to convict and were charged simultaneously, neither the Constitution of the United States nor Code § 19.2-294 bars his prosecution and conviction for having driven a motor vehicle on a public street after having been declared an habitual offender.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.