COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Elder and Bray
Argued at Salem, Virginia


CRAWFORD LEON HAIRSTON
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2777-95-3    JUDGE RICHARD S. BRAY
                                      DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
                       Charles M. Stone, Judge

          Wayne T. Baucino (Office of the Public
          Defender, on brief), for appellant.

          Richard B. Smith, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     Crawford Leon Hairston (defendant) was convicted in a bench

trial for possession of a firearm while a convicted felon.  On

appeal, defendant argues that the instant prosecution followed a

prior conviction in the general district court for possession of

a concealed weapon arising from the "same transaction" and,

therefore, was violative of Code § 19.2-294.  Finding no error,

we affirm.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     Code § 19.2-294 provides that "[i]f the same act be a

violation of two or more statutes, . . . conviction under one of

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

such statutes . . . shall be a bar to a prosecution or proceeding under the other or others."  However, Code § 19.2-294 does not preclude multiple convictions arising from the same act, provided the related offenses are prosecuted simultaneously.  See Slater v. Commonwealth, 15 Va. App. 593, 595, 425 S.E.2d 816, 817 (1993); see also Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992).  Moreover, "the amenability of one [offense] to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive, prosecutions."  Slater, 15 Va. App. at 595, 425 S.E.2d at 817.  "It is the time of institution which determines whether multiple charges are simultaneous or successive."  Id. at 596, 425 S.E.2d at 817 (emphasis added).

Here, the criminal complaint alleging both the misdemeanor, "[c]arry[ing] a [c]oncealed [w]eapon" in violation of Code § 18.2-308, and the felony, "[p]ossession of a [f]irearm [a]fter [b]eing [a] [c]onvicted [f]elon" in violation of Code § 18.2-308.2, was lodged on July 18, 1995.  Criminal process appropriate to each offense thereafter issued, and the general district court heard both charges on September 18, 1995, convicting defendant of the misdemeanor and certifying "the felony charged in [the] warrant"[1] to the grand jury.  Defendant was subsequently indicted for "possess[ing] a firearm" after

_____

[1]The warrant alleged that defendant "did . . . possess a handgun or concealed weapon after being a convicted felon." (Emphasis added).

"having been convicted of a felony."  Thus, like Slater, the prosecutions were instituted simultaneously, but "[t]he former charge, being a misdemeanor, was amenable to early conclusion," while "[t]he latter, being a felony, required extended proceedings."  15 Va. App. at 596, 425 S.E.2d at 817.

Defendant's contention that the felony charge was amended after inception of the proceedings, thereby severing the prosecutions, is without merit.  Omission from the indictment of the language in the warrant, "or concealed weapon," simply removed surplusage, without affecting the substantive allegation.  Therefore, the felony prosecution continued, uninterrupted, through a procedurally regular course from its genesis in the criminal complaint to conviction in the trial court.

Defendant misreads Wade v. Commonwealth, 9 Va. App. 359, 388 S.E.2d 277 (1990), to conflict with Slater.  Slater addressed the issue of simultaneous and successive prosecutions, whereas Wade specifically discussed the "same act" component of Code § 19.2-294.  Thus, our construction and application of Code § 19.2-294 in this instance is guided by Slater.  See Burns v. Commonwealth, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990).

Accordingly, the related misdemeanor and felony offenses were prosecuted simultaneously, and the trial court correctly determined that the disputed felony conviction did not violate Code § 19.2-294.

Affirmed.