Present:  All the Justices

MATTHEW S. PHILLIPS

v.  Record No. 981829   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        April 16, 1999
COMMONWEALTH OF VIRGINIA


FROM THE COURT OF APPEALS OF VIRGINIA


The issue presented in this appeal is whether Code § 19.2-294 bars a defendant's conviction on two felony charges of selling marijuana on school property, after he had been convicted in the general district court on two misdemeanor charges of distribution of marijuana based on the same acts.

The parties stipulated to the following facts.  In March 1996, two arrest warrants were issued against Matthew S. Phillips, charging him with felony offenses of selling marijuana on the grounds of Lebanon High School in Russell County, on or about January 19 and 24, 1996, in violation of Code § 18.2-255.2.  One week later, two more arrest warrants were issued against Phillips charging him with misdemeanor offenses of distributing less than a half-ounce of marijuana on or about January 19 and 24, 1996, in violation of Code § 18.2-248.1, based on the same acts as the felony charges.

On October 29, 1996, Phillips appeared in the General District Court of Russell County on all four charges.  At that hearing, Phillips was tried and convicted on the two misdemeanor

charges and waived a preliminary hearing on the two felony charges. The grand jury later indicted Phillips on the two felony charges.

Phillips filed a motion to quash the two felony indictments in the Circuit Court of Russell County. He argued that prosecution of the felony indictments was barred by his convictions on the two misdemeanor charges arising from the same acts. The trial court denied the motion, ruling that Phillips had not been subjected to successive prosecutions within the meaning of Code § 19.2-294. Phillips then entered conditional guilty pleas to the two felony charges, as permitted under Code § 19.2-254, thereby reserving the right to appeal the trial court's denial of his motion to quash. The trial court accepted the pleas and sentenced Phillips to two concurrent terms of five years' imprisonment, which the court suspended on the condition that Phillips serve twelve months in jail.

Phillips noted an appeal of the felony convictions to the Court of Appeals. In a published opinion, a panel of the Court of Appeals affirmed the convictions, holding that when felony and misdemeanor charges are brought at separate times, they nevertheless are part of a single prosecution if the cases are heard in a single, evidentiary hearing. Phillips v. Commonwealth, 27 Va. App. 674, 680-81, 500 S.E.2d 848, 851

(1998).  We awarded this appeal after the Court of Appeals

denied Phillips' petition for a rehearing en banc.

Code § 19.2-294 provides, in relevant part:

> If the same act be a violation of two or more
> statutes, or of two or more ordinances, or of one or
> more statutes and also one or more ordinances,
> conviction under one of such statutes or ordinances
> shall be a bar to a prosecution or proceeding under
> the other or others.

Phillips first argues that, under the language of Code

§ 19.2-294, his convictions in the general district court barred

any further "proceeding" arising out of the same acts, including

the later indictments and hearings in the circuit court on the

felony charges.  We do not reach the merits of this argument,

however, because Phillips failed to raise it in the trial court.

There, Phillips argued that Code § 19.2-294 barred the felony

prosecutions because all four warrants, felony and misdemeanor,

were not issued on the same date.  He advanced the same argument

before the panel of the Court of Appeals.  Since Phillips did

not give the trial court the opportunity to address the argument

he raises here, we decline to consider it.  Rule 5:25.[*]

---

[*]Phillips raises two additional assignments of error that
are procedurally barred.  First, he asserts that the Court of
Appeals "erred by ignoring the legislative history underlying
Code § 19.2-294 and the fact that the statute refers
disjunctively to 'prosecution' or 'proceeding.'"  Second, he
argues that the Court of Appeals "erred by ignoring the fact
that Code § 19.2-294 is remedial legislation relating to matters
of a penal nature and, thus, must be construed strictly against
the Commonwealth and favorably to the accused."  We do not

Phillips next argues that, in upholding his convictions, the Court of Appeals erred in effectively overruling its decision in Slater v. Commonwealth, 15 Va. App. 593, 425 S.E.2d 816 (1993).  He asserts that, under Slater, a prosecution begins when a criminal charge is instituted and that, therefore, charges instituted on different dates do not arise from a single prosecution.  Phillips contends that since the present felony warrants were not issued simultaneously with the misdemeanor warrants, the felony charges were not part of the same prosecution as the misdemeanor charges and were subject to the successive prosecution bar of Code § 19.2-294.  We disagree with Phillips.

Although the language of Code § 19.2-294 does not state that it provides a defense of former jeopardy, "it amounts to such a defense in purpose and desired effect."  Epps v. Commonwealth, 216 Va. 150, 155, 216 S.E.2d 64, 68 (1975); Sigmon v. Commonwealth, 200 Va. 258, 263, 105 S.E.2d 171, 175-76 (1958).  Like the Fifth Amendment bar of former jeopardy, Code § 19.2-294 prevents the Commonwealth from "subjecting an accused to the hazards of vexatious, multiple prosecutions."  Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (en banc).  By its terms, the statute does not apply to

---

address these assignments of error because Phillips did not argue these issues in the trial court and before the panel of

4

simultaneous prosecutions, because only a prior conviction for the violation of an act will bar a later prosecution for the same act. Thus, the question before us is whether Phillips' felony charges were the subject of a simultaneous or a successive prosecution.

In Slater, a defendant was charged, based on the same act, with driving after having been adjudged an habitual offender, a felony offense, and driving while under the influence of alcohol, a misdemeanor offense. As noted by the Court of Appeals in Phillips, a single evidentiary hearing was conducted in Slater in the general district court, involving a trial on the misdemeanor charge and a preliminary hearing on the felony charge. The defendant was convicted on the misdemeanor charge and the felony charge was certified to the grand jury of the circuit court, where the defendant was later indicted, tried, and convicted of the felony charge. Phillips, 27 Va. App. at 678, 500 S.E.2d at 850.

The Court of Appeals concluded in Slater that the defendant was not subjected to a successive prosecution on the felony charge. 15 Va. App. at 596, 425 S.E.2d at 817. In reaching this decision, the Court stated that "the time of institution" of criminal charges determines whether multiple charges based on the same act are simultaneous or successive. Id. The Court

the Court of Appeals. Rule 5:25.

5

also relied on Freeman v. Commonwealth, 14 Va. App. 126, 414 S.E.2d 871 (1992), stating that when "charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent, not successive." Slater, 15 Va. App. at 595, 425 S.E.2d at 817.

In the present case, the Court of Appeals distinguished its holding in Slater by stating that the simultaneous initiation of criminal charges is not the exclusive factor in determining whether those charges have been resolved in a simultaneous prosecution. The Court stated that an overriding factor, which was also present in Slater, is "whether the offenses were prosecuted in a single, concurrent evidentiary hearing." Phillips, 27 Va. App. at 680, 500 S.E.2d at 851. Thus, the Court concluded that when "felony and misdemeanor charges are instituted at separate times, but are heard simultaneously in a single proceeding, they are part of a single prosecution, even though jurisdictional limitations necessitate that they be concluded in different courts." Id. at 680-81, 500 S.E.2d at 851.

We conclude that the Court of Appeals properly limited its holding in Slater to the particular facts presented in that case. The procurement of arrest warrants on different dates does not automatically trigger the successive prosecution bar of

Code § 19.2-294. Since the bar is intended to protect an accused from the "hazards of vexatious, multiple prosecutions," the bar does not preclude the prosecution of charges in a single, evidentiary hearing, even though the arrest warrants were obtained on different dates. In such a situation, the accused is not subjected to a greater burden than when the charges are brought simultaneously and heard together. The accused conducts his defense based on the same trial sequence and faces the same potential for anxiety, expense, and punishment.

We also agree with the Court of Appeals' conclusion in this case that the amenability of the misdemeanor charges to an early conclusion in the general district court did not result in a successive prosecution of the felony charges in the circuit court. See Slater, 15 Va. App. at 595, 425 S.E.2d at 817; Freeman, 14 Va. App. at 129, 414 S.E.2d at 873. In a criminal case, a "prosecution" is the process in which an accused is brought to justice from the time a formal accusation is made through trial and final judgment in a court of appropriate jurisdiction. See Sigmon, 200 Va. at 267, 105 S.E.2d at 178. The present prosecutions were simultaneous, not successive, because they were joined in a single evidentiary hearing in the general district court. Thus, the later events in the circuit

court on the felony charges were merely a continuation of the same prosecution.

Finally, we note that if the legislature had intended that the statutory bar apply to such felony cases in the circuit court, it would have provided that a conviction for a criminal offense arising out of one act would bar a later conviction for another offense arising out of the same act. Since the legislature did not provide restrictive language of this nature in Code § 19.2-294, we decline to interpret the statute in a manner that would achieve that result.

For these reasons, we will affirm the Court of Appeals' judgment.

Affirmed.

JUSTICE KOONTZ, dissenting.

I respectfully dissent. Indeed, to be more accurate, I again respectfully dissent on the same issue. See Hall v. Commonwealth, 14 Va. App. 892, 903, 421 S.E.2d 455, 462 (1992)(en banc)(Koontz, C. J., dissenting).

Over 100 years ago this Court held that the conviction of Mary Arrington for the sale of "ardent spirits" without a license was not barred by her prior conviction for the sale of that same alcohol on a Sunday. The Court reasoned that Arrington's one act of selling alcohol violated two separate

8

statutes.  Arrington v. Commonwealth, 87 Va. 96, 100, 12 S.E. 224, 225-26 (1890).

Subsequently, the General Assembly enacted the original version of Code § 19.2-294 (§ 4775 of the Code of 1919), which provided in pertinent part: "If the same act be a violation of two or more statutes, . . . a prosecution or proceeding under one . . . shall be a bar to a prosecution under the other or others."  Thereafter, this statute was amended and now provides: "If the same act be a violation of two or more statutes, . . . conviction under one shall be a bar to a prosecution or proceeding under the other or others."  (Emphasis added.)

In Owens v. Commonwealth, this Court acknowledged that the original version of Code § 19.2-294 was enacted "to remove the apparent hardship manifest in" Arrington. 129 Va. 757, 759, 105 S.E. 531, 531 (1921).  The hardship manifest there was that Arrington "had committed but a single act, but, inasmuch as it violated two statutes, she was convicted under both."  Id.  The hardship the General Assembly intended to remove by enacting the original version of Code § 19.2-294 is equally manifest in the present case.

Phillips' single act of selling marijuana on July 19, 1996 was a violation of Code § 18.2-255.2, prohibiting as a felony the sale of marijuana on school property, and Code § 18.2-248.1, prohibiting as a misdemeanor the sale of not more than a half-

9

ounce of marijuana.  The same is true of Phillips' single act of selling marijuana on January 24, 1996.  In my view, the legislative purpose we acknowledged in <u>Owens</u> is the proper focus for the analysis of the scope of Code § 19.2-294.  That focus, however, has either been abandoned or lost under judicially created exceptions or limitations to the application of that statute not required by its express language.

The majority opinion correctly states the procedural background that invokes the Code § 19.2-294 issue in this case. Phillips was convicted in the general district court for the misdemeanor violations.  At that proceeding, he waived a preliminary hearing on the felony charges.  Subsequently, the grand jury indicted Phillips on the two felony charges, and he was ultimately tried and convicted on both charges in the circuit court despite his assertion of the Code § 19.2-294 bar. There is no dispute that the sale of marijuana was "the same act" that constituted a violation of the misdemeanor and felony statutes in the incidents in question.  Under these circumstances, the plain language of Code § 19.2-294 would appear to provide that the "conviction" under the misdemeanor statute in the general district court "shall be a bar to a prosecution or proceeding" under the felony statute in the circuit court.

The majority, however, rejects this reading of Code § 19.2-294 and the above result it mandates. Rather, the majority concludes that this statute does not apply to "simultaneous prosecutions" and that Phillips' felony charges were not the subject of "successive" prosecutions because the misdemeanor and felony charges were heard in a "single, evidentiary hearing" in the general district court. No such limiting language or express exception appears in the statute. Moreover, the majority's analysis ignores the express "prosecution or proceeding" provision of the statute.

We have previously held that "[t]he key words in [Code § 19.2-294] are 'prosecution or proceeding.' While they embrace in some respects the same definition, they are not synonymous. Neither word is technical and 'proceeding' has a broader meaning." Sigmon v. Commonwealth, 200 Va. 258, 266, 105 S.E.2d 171, 177 (1958). Pertinent to the present case, in Sigmon we cited with approval authority defining the word "proceeding" to include "an inquiry before a grand jury." Id., 105 S.E.2d at 178. In light of our holding in Sigmon, in my view, there is simply no basis upon which to limit the application of Code § 19.2-294 to "successive prosecutions." Rather, Phillips' misdemeanor convictions barred the "proceeding" before the grand jury and the trial and convictions on the felony charges in the circuit court.

11

But my disagreement with the majority's analysis does not end there. The majority essentially adopts the analysis from a series of decisions of the Court of Appeals holding that Code § 19.2-294 does not bar multiple convictions for the same act under different statutes when those convictions are obtained in a single trial. See, e.g., Hall, 14 Va. App. at 900, 421 S.E.2d at 461. In Hall, the Court of Appeals reasoned that "[a] 'prosecution or proceeding' after a 'conviction,' by definition requires multiple or successive proceedings or prosecutions." Id. at 897, 421 S.E.2d at 459. In order to uphold the single trial exclusion to the Code § 19.2-294 bar it created in Hall, in subsequent cases the Court of Appeals held that a "simultaneously charged" defendant was not subjected to successive prosecutions where one charge resulted in a conviction in the general district court while the other required further proceedings and ultimately resulted in a conviction in the circuit court. Slater v. Commonwealth, 15 Va. App. 593, 595-96, 425 S.E.2d 816, 817 (1993); see also Freeman v. Commonwealth, 14 Va. App. 126, 129, 414 S.E.2d 871, 873 (1992). Thus, in Phillips v. Commonwealth, the Court of Appeals held that even when the misdemeanor and felony charges are brought at separate times, they nevertheless are part of a single prosecution if the cases are heard in a single

12

evidentiary hearing. 27 Va. App. 674, 680, 500 S.E.2d 848, 851 (1998).

In Sigmon, as noted by the majority, we stated that although the language of Code § 19.2-294 does not state that it provides a constitutional defense of former jeopardy, "it amounts to such a defense in purpose and desired effect." Sigmon, 200 Va. 263, 105 S.E.2d at 175-76. Drawing a similar conclusion, the Court of Appeal in Hall first grafted a constitutional analysis onto this statute:

> The statute, like the constitutional former jeopardy protection announced in Grady [v. Corbin, 495 U.S. 508 (1990)], was designed to prevent the prosecutorial practices of subjecting an accused to the hazards of vexatious, multiple prosecutions. Code § 19.2-294 prevents a prosecutor from subjecting an accused through successive prosecutions to "embarrassment, expense and ordeal and compelling him [or her] to live in a continuing state of anxiety and insecurity." Grady, [495 U.S. at 518]. Additionally, the statute, by limiting its reach to successive prosecutions for multiple offenses for the same act, prevents prosecutors from using the prosecution of a minor offense as a "dress rehearsal" for a more serious, later prosecution.

Hall, 14 Va. App. at 899, 421 S.E.2d at 460-61.

While this analysis would apply to questions of constitutional former jeopardy, the express language of Code § 19.2-294 simply does not require a resort to such analysis. Moreover, as a legislative response to Arrington, the statute clearly addresses a broader array of circumstances than those

13

subsumed within constitutional issues of former jeopardy. Rather, the intent of Code § 19.2-294 is to avoid the hardship manifest when a defendant is subject to convictions under two statutes for a single act. Simply put, this statute in express terms prohibits multiple convictions arising from a single act without regard to whether those convictions occur in a single trial or successive trials. In Phillips' case, that meaning and effect should be readily apparent. Phillips was convicted in the general district court for conduct arising from two acts and then was subject to proceedings before the grand jury and in the circuit court for charges related to the same acts. Code § 19.2-294 bars the latter proceedings and consequently bars Phillips' convictions in the circuit court.

For these reasons, I would reverse the judgment of the Court of Appeals and hold that Code § 19.2-294 bars convictions for the same act in a single trial as well as consecutive trials.