## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Commonwealth of Virginia

v.

Marvin Sirrelle Turner

June 26, 2003

Case No. 02-289

BY JUDGE EDWARD L. HOGSHIRE

The instant criminal matter arose from Marvin Sirrelle Turner's possession of a firearm in a concealed place upon his person on July 22, 2002. The Defendant is a convicted felon. The Defendant elected to plead guilty to the misdemeanor offense of carrying a concealed weapon, a violation of Virginia Code § 18.2-308. The Court accepted the plea and found the Defendant guilty, deferring sentencing until the resolution of the related felony charge of violating Virginia Code § 18.2-308.2 (convicted felon possessing a firearm). Defense counsel then made a motion to dismiss the felony indictment, alleging that Virginia Code § 19.2-294 bars a felony prosecution of § 18.2-308.2 when the Defendant entered a guilty plea for a "same-act" § 18.2-308 misdemeanor violation before the commencement of the felony trial. After due consideration of applicable law and arguments presented in memoranda, this Court denies the motion.

*Issue*

Whether Virginia Code § 19.2-294 bars a felony prosecution of § 18.2-308.2 when the Defendant entered a guilty plea for a related misdemeanor § 18.2-308 violation before the commencement of the felony trial.

*Statement of Facts*

The Defendant was initially charged by warrant with two felonies on July 22, 2002: possession of an imitation schedule II controlled substance with intent to distribute it and carrying on or about a person a concealed weapon after being convicted of a felony. The Commonwealth subsequently sought to separate the two offenses contained in the second part of the warrant into two distinct charges: possession of a firearm by a convicted felon (a Class 6 felony) and carrying a concealed firearm on or about the person (a Class 1 misdemeanor), both of which had their requisite elements contained in the original felony warrant.

A preliminary hearing was held on the felony warrant in the General District Court on September 5, 2002. At the October Term of the Grand Jury, the Commonwealth presented an indictment for violation of Virginia Code § 18.2-308.2 and also presented an additional indictment charging Turner with the misdemeanor offense of carrying a concealed weapon, a violation of Virginia Code § 18.2-308. On October 21, 2002, the two matters were called at Docket to be set for trial. Defendant requested a motion hearing and asked the Court to schedule the misdemeanor concealed firearm charge for the same date as the motion hearing. Defendant then specifically requested the Court to schedule the felony firearm charge for a different date. The Commonwealth did not object to these requests. The motions hearing and the misdemeanor concealed weapons charge were scheduled for March 31, 2003. The felony firearm charge and the other remaining charges were scheduled for trial on April 8, 2003.

On March 31, 2003, after denial of Defendant's motion to suppress, he elected to plead guilty to carrying a concealed weapon. The Court accepted the plea and found the defendant guilty, but deferred sentencing pursuant to the request by the Commonwealth and over defense counsel's objection, until April 8, 2003. Subsequently, Defendant moved to dismiss the firearm possession charge, alleging a violation of Virginia Code § 19.2-294 due to the prior, "same-act" conviction of the carrying a concealed weapon.

*Arguments*

Defendant relies primarily on *Padgett v. Commonwealth*, 220 Va. 758, 263 S.E.2d 388 (1980), which overturned a second conviction based on a single course of driving that occurred between two local governmental units. Specifically, a defendant convicted of reckless driving in the City of Lynchburg and also convicted of a DUI in Bedford County could only be prosecuted for one of the offenses; the prosecution for the second offense was held to be barred. Defendant argues that the reckless driving conviction and the subsequently dismissed DUI conviction are parallel to the misdemeanor concealed weapon possession charge and the convicted felon possessing a firearm charge.

In addition, Defendant argues that the decision by the Commonwealth not to bring the misdemeanor concealed weapons charge at the same time as the felony spoils and therefore bars the subsequent felony prosecution. This argument relies heavily on the decision in *Slater v. Commonwealth*, 15 Va. App. 593, 596, 425 S.E.2d 816 (1993), which held that "the time of institution of criminal charges determines whether multiple charges based on the same act are simultaneous or successive." Here the Commonwealth elected to bring an additional indictment after the original institution of the criminal charges against the Defendant. According to the Defendant's rationale, by charging the felony first (July 22, 2002) and adding the misdemeanor offense at a later date (October 21, 2002), the later prosecution is a violation of Virginia Code § 19.2-294 upon the entry of the judgment on the misdemeanor charge.

The Commonwealth makes two arguments in response. The first centers on the distinction between the requirements of the misdemeanor and felony charges brought against the defendant. The Commonwealth contrasts the defense's use of *Padgett*, 220 Va. 758 (1980), with *White v. Commonwealth*, 26 Va. App. 410, 494 S.E.2d 896 (1998). Under Virginia Code § 19.2-294, the *White* court held that, even though it was the same continuous "act" of driving which placed the defendant in trouble, speeding and the DUI were separate offenses under the Virginia Code. The Commonwealth notes that the court in *Slater*, 15 Va. App. 593, 596 (1993), also held that the two driving offenses, DUI and Driving after becoming a habitual offender, were not the same "act," though they were done in the same incidence of driving. Thus, the Commonwealth argues even if the "same act" gave rise to the charges, it does not necessarily follow that the charges are the same and therefore violative of Virginia Code § 19.2-294.

The Commonwealth's second argument is that the second charge would be barred only if the additional charge was brought against the defendant after the completed prosecution of one charge based on that same act, citing *Hall v. Commonwealth*, 14 Va. App. 892, 421 S.E.2d 455 (1992); *Watkins v. Commonwealth*, 238 Va. 341, 385 S.E.2d 50 (1989); *Owens v. Commonwealth*, 129 Va. 757, 105 S.E. 531 (1921). The Commonwealth asserts that defense counsel's strategy was to create the mere appearance of separate and sequential prosecutions by purposefully setting an earlier date for the misdemeanor concealment charge for a guilty plea and a later date for the other charges. The Commonwealth argues that *Rea v. Commonwealth*, 14 Va. App. 940, 421 S.E.2d 464 (1992), is directly on point as to this issue.

## Analysis

Carrying the weapon was a continuous stream of action, but the implications from concealing it and the status of the Defendant, namely being a convicted felon, irrefutably give rise to two distinct violations of the Virginia Code. As in the cases involving one sequence of driving cited by both parties, the carrying of a firearm is analogous; one action by the defendant can have multiple ramifications in terms of prosecution for different violations of the Virginia Code.

Defendant's reliance on *Padgett*, 220 Va. 758 (1980), is misplaced. Virginia Code § 19.2-294.1 applies to limit the concurrent prosecution for reckless driving and driving under the influence when those two actions arise from the same course of driving. These two code violations are potentially indistinct in the manner in which they are prosecuted and § 19.2-294.1 of the Virginia Code acts there to limit the risk of a dual prosecution for the same act and offense. In contrast to *Padgett*, the court in *Slater* 15 Va. App. 593, 596 (1993), declared that a DUI conviction stemming from the same act of driving did not bar prosecution for driving after becoming a habitual offender. In both cases, the driving of a car is a common underlying act. However, Virginia Code § 19.2-294.1 mandates that reckless driving and DUI charges are not to be combined, barring the use of these two charges in prosecuting the "same act" or course of driving. At the same time, the legislature chose not to specifically limit the less defined coverage of other, arguably analogous, behavior covered by § 19.2-294, as applied in *Slater*.

The constituent components of Virginia Code § 18.2-308 consist of (1) having a pistol or revolver (2) on one's person and (3) hidden from common

observation. The components of Virginia Code § 18.2-308.2 involve (1) a person who is convicted of a felony (2) knowingly and intentionally possessing or transporting any firearm *or* knowingly and intentionally carrying about his person, hidden from common observation, *any* weapon described in Virginia Code § 18.2-308(A). The concealed weapon provision in § 18.2-308.2 clearly states that any weapon, not simply a firearm, can be included in this code section. Due to their unidimensional purpose as weapons and their immediate association with a threat of bodily harm, the firearm application of § 18.2-308.2 is broader, to include possessing or transporting which does not require concealment. In addition, § 18.2-308 applies to anyone, not simply convicted felons, possessing a concealed handgun.

Sufficient additional evidence is required to prove each charge, as the only aspect in common, the revolver, is simply making the two acts part of the same stream of activity, like the act of driving a car in *Slater*, 15 Va. App. 593 (1993). The court in *Phillips v. Commonwealth*, 257 Va. 548, 553, 514 S.E.2d 340 (1999), made this exact point in its rationale: "If the legislature had intended that the statutory bar apply to such felony cases in the circuit court, it would have provided that a conviction for a criminal offense arising out of one act would bar a later conviction for another offense arising out of the same act." As demonstrated in *Padgett*, 220 Va. 758, 760-61 (1980), Virginia Code § 19.2-294.1 is a statutory bar. Despite arising from the same act of carrying a firearm, the prosecution for both Virginia Code §§ 18.2-308 and 18.2-308.2 is valid because each charge possesses different, required elements in order to obtain a conviction. Virginia Code § 19.2-294 does not bar the felony prosecution because both charges are distinct.

The Defendant argues that after receiving the guilty plea in the first, misdemeanor case, the latter felony prosecution is barred. *Hall*, 14 Va. App. 892 (1992). However, the court in *Slater*, 15 Va. App. 593, 595 (1993), closely following *Freeman v. Commonwealth*, 14 Va. App. 126, 414 S.E.2d at 817, noted that in a situation in which charges are brought simultaneously, the amenability of one to early conclusion while the other requires further proceedings, does not alter the fact that the proceedings are concurrent and not successive. The case before the bar is no different: by prosecuting the misdemeanor "first," the misdemeanor was more amenable to an early conclusion particularly because the Defendant opted to enter a guilty plea. This early conclusion of the misdemeanor charge did not alter the concurrent nature of the prosecution of the "second," felony charge.

The defendant in *Phillips*, 257 Va. 548, 553 (1999), was convicted of two misdemeanor charges and moved to have the prosecutions for the two felony charges barred as a violation of Virginia Code § 19.2-294. The court rejected the motion reasoning that the amenability of one charge to early conclusion did not bar the resolution of other charges that had been brought at the same time. The procurement of arrest warrants at different dates did not automatically trigger the successive prosecution bar of Code § 19.2-294. *Id.* at 553. Thus, the earlier guilty plea to lesser offenses does not bar a later conviction for a more serious charge, despite the "same act" or acts giving rise to the prosecutions. The court in *Rea*, 14 Va. App. 940, 945 (1992), concluded that by electing to plead guilty to three charges and not guilty to the remainder, defendant neither transformed the single prosecution into two separate prosecutions nor captured for himself any special protections against successive prosecutions under the double jeopardy clause. The same situation is currently presented before this Court.

The Defendant was indicted at the same time by the same Grand Jury for both the misdemeanor and felony. The Defendant specifically asked the court to schedule the trial of the felony firearm charge after the guilty plea to the misdemeanor concealment. This did not convert the single prosecution into a sequential or successive prosecution as both charges developed out of the same facts and shared some common elements. The felony prosecution was not commenced after the sentencing of the misdemeanor charge. Virginia Code § 19.2-294 does not apply, as the misdemeanor guilty plea did not convert the concurrent nature of the charges brought against the Defendant.

## Conclusion

The requirements for proving a concealed weapons misdemeanor under Virginia Code § 18.2-308 are distinct from the requirements of Virginia Code § 18.2-308.2. The two charges were commenced at the same or concurrent time, and the prosecutions are not sequential in nature simply because the misdemeanor was more amenable to an expeditious resolution than the felony. Consequently, there is no violation of Virginia Code § 19.2-294, and thus the motion to dismiss must be denied.

For the reasons stated, the Motion to Dismiss is denied.